### 7194

### MESSERVY v. MESSERVY.

Tort—Cause of Action—Parties.—A wife has a cause of action for maliciously enticing her husband away from her, depriving her of his society, comfort and aid, and she may maintain suit thereon without joining her husband as a party with her.

Before Hydrick, J., Charleston, May, 1908. Affirmed.

Action by Pearl C. Messervy against John W. Messervy and Adeline Messervy. The Circuit decree, overruling demurrer, is:

"This is an action to recover damages of the defendants for maliciously enticing the plaintiff's husband away from her and depriving her of his comfort, society and aid.

"The defendants demur to the complaint on two grounds: 1. That it does not state facts sufficient to constitute a cause of action. 2. Because the husband of the plaintiff is not joined with her in the action.

"Upon the right of the wife to maintain an action upon the grounds stated, the authorities are conflicting.

"It is denied in *Duffris* v. *Duffris* (Wis.), 8 L. R. A., 420, where the cases are reviewed, and some cogent reasons given why the right of the wife to the society of the husband should not be held to be the same in kind, degree and value as his right to her society. It is shown how the wife is often deprived of the society of the husband from the exegencies of business life, and it is said that to establish this right of action in favor of the wife, 'would be the most fruitful source of litigation of any that can be thought of.'

"That may be so, but it is not sufficient to deny to any person redress for wrongs unlawfully inflicted. The boast of the law is that there can be no wrong without a remedy. Is it wrong for one maliciously to entice a woman's husband away from her and deprive her of his comfort, aid and society? I apprehend there can not be two opinions upon that question. It is a legal wrong for which the law ought and does afford a remedy.

"The right to maintain the action is sustained, in my opinion, by the weight of reason and authority. *Bennett* v. *Bennett* (N. Y.), 6 L. R. A., 553; *Nolin* v. *Pearson,* 6 A. & E. Ann. Cases, 658; *Trumbull* v. *Trumbull,* 8 A. & E. Ann. Cases, 813.

"In *Bennett* v. *Bennett, supra,* the point was made, as in this case, that the husband was not made a party plaintiff. The Court held that he was not a necessary party, resting the decision partly upon the construction of the New York Code and the long practice that had prevailed under it, and partly upon the ground that the right of action was the separate property of the wife. The words 'property' is defined by the Code of Procedure, 445, to include 'things in action.' So that, if the right of action for a tort is 'a thing in action,' in the sense in which those words are used in the Code, then the wife may clearly maintain the action alone. In Vol. 3, Am. & Eng. Enc., 1st ed., at page 235, it is said

in defining the words 'chose in action,' 'that it includes the right to recover pecuniary damages for a wrong inflicted upon the person or property,' citing *Gillett* v. *Fairchild,* 4 Denn. (N. Y.), 80; *McKee* v. *Judd,* 12 N. Y., 622. In *Bennett* v. *Bennett, supra,* the Court says: 'And while a right of action for a personal injury may not be within the definition, as frequently given, of a chose in action, that term in its broadest sense, does embrace it.' See also the cases cited in note 2, page 4, 6 A. & E. Ency. L., 2d ed.

"The law is said to be the 'perfection of reason.' In view of the sweeping changes made by modern legislation in regard to the property and personal rights of married women, I fail to see any reason why the plaintiff's husband should be joined with her in the action. In the first place, under the circumstances alleged, and they are admitted by the demurrer to be true, it is not to be supposed that he would consent to be made a plaintiff. If he refused, all that the plaintiff could do would be to allege his refusal, and make him a defendant, under sec. 140 of the Code of Procedure. What benefit could that be to any of the parties? *Nil frustra agit lex.*

"It is, therefore, ordered that the demurrer be overruled, with leave to defendants to answer."

From this decree, defendants appeal.

*Messrs. Legare, Holman & Baker,* for appellant, cite: *Right of action:* 8 L. R. A., 420, 835. *Husband should be joined:* 75 S. C., 311; sec. 135, Code of Proc.

*Messrs. Logan & Grace,* contra.

May 20, 1909. The opinion of the Court was delivered by

MR. JUSTICE GARY. This is an appeal from an order overruling a demurrer to the complaint, on the ground that

it did not state facts sufficient to constitute a cause of action.

The order of his Honor, the presiding Judge, is affirmed for the reasons therein stated.