15654

HOLLOWAY v. HOLLOWAY *ET UX.*

(30 S. E. (2d), 596)

Febru-ary, 1944.

*Mr. Paul M. McMillan,* of Charleston, S. C., Counsel for Appellants,

*Mr. Augustine T. Smythe,* of Charleston, S. C., Counsel for Respondent,

June 8, 1944.

MR. ASSOCIATE JUSTICE STUKES delivered the unanimous Opinion of the Court:

This appeal is from an order overruling a demurrer to the complaint, on which account the latter is here set forth in full, omitting prayer:

"1. On December 10, 1941, Plaintiff was married to Dr. Charles T. Holloway who is the son of the Defendants. After a wedding trip of two weeks, the said Dr. Charles T. Holloway took Plaintiff to live with his parents, the Defendants,

in their home at No. 66 Cannon Street, in the City of Charleston, South Carolina.

"2. Prior to his marriage to Plaintiff and during the wedding trip up to the time of his taking Plaintiff to live with his parents, the said Dr. Charles T. Holloway was very affectionate towards Plaintiff and very attentive to her and Plaintiff had every reason to anticipate a happy married life with him.

"3. Immediately upon Plaintiff going to live with the said Dr. Charles T. Holloway in the home of his parents, the said parents, the Defendants herein, adopted an attitude highly antagonistic to Plaintiff, continually found fault with her and with what she did, continually criticized her to the said Dr. Charles T. Holloway and belittled her in such criticisms and continually pointed out to the said Dr. Charles T. Holloway that he had made a mistake in marrying Plaintiff and expressed their regret that he had done so.

"4. The conduct of Defendants, particularly of the Defendant Lillie Ruby Holloway, towards Plaintiff was such that Plaintiff found it impossible to remain longer in the same home with the Defendants. The said Dr. Charles T. Holloway, by reason of the influence exerted upon him by his parents, refused to provide Plaintiff with a separate home which he had promised to do.

"5. By reason of the conduct of the Defendants towards Plaintiff, she found it necessary to leave their home and said Dr. Charles T. Holloway refused to go with her or to furnish her with a separate home. Plaintiff thereupon, brought action against the said Dr. Charles T. Holloway in the Domestic Relations Court for Charleston County for support, on the ground that the conduct of his mother was such that she could not remain in the home, and such support was granted to her and such action on the part of the Domestic Relations Court of Charleston County was affirmed by the Supreme Court of South Carolina.

"6. The conduct of Defendants as hereinabove set forth was willful, wanton and malicious, and was intended to and did operate to alienate the affections of the said Dr. Charles T. Holloway, the husband of Plaintiff, from Plaintiff so that his attitude towards her changed from that of affection and attention to disregard and hostility and for these reasons her married life has been broken up and she is now living apart from her husband.

"7. By reason of the actions of Defendants as hereinabove set forth, Plaintiff has been damaged in the sum of Ten Thousand ($10.000.00) Dollars."

The former decision of this Court, which is referred to, was reported under the title of *Holloway v. Holloway,* in 203 S. C., 339, 27 S. E. (2d), 457, to which reference may be had.

Appellants' demurrer was upon the ground that the complaint does not state facts sufficient to constitute a cause of action for two reasons, to wit, (1) that there is failure, quoting, "to allege any causal connection between the conduct of the defendants and the injury complained of," and (2) that, quoting, "it appears on the face of the complaint that the injury complained of by plaintiff was caused by her own voluntary action." In a formal order the Circuit Judge overruled the demurrer, saying only that, taking the allegations of the complaint to be all true (necessary on demurrer), a cause of action was stated.

The appeal is upon one exception which embodies both of the stated grounds of the demurrer, quoted hereinabove, and the case has been argued as making the two questions. As seen, they are within narrow compass.

Alienation of affections has apparently been a rare subject of litigation in this State. The able counsel engaged have been able to unearth only two former decisions in the reports of our appellate Courts. The first is *Park v. Hopkins,* 1831, 2 Bailey, 408, the brief opinion in which was delivered

by the renowned Justice Belton O'Neall. In this case a small judgment obtained in the trial in the lower Court was sustained. There a husband sued the parents of his wife for enticing the latter to remain in their home, although plaintiff offered her a suitable residence elsewhere.

The other precedent in this State is *Messervy v. Messervy*, 1908, 82 S. C., 559, 64 S. E., 753, the facts of which are more like those alleged in the instant case, and the decision was similarly upon the overruling of a demurrer to the complaint.

There a wife sued a man and wife of the same name for maliciously enticing her husband away from her and depriving her of his comfort, society and aid. It does not affirmatively appear in the report that the defendants were the parents of plaintiff's husband, but we suspect that they were. Ground for the latter is found in *Messervy v. Messervy*, 80 S. C., 277, 61 S. E., 442. No point seems to have been made of the existence or nonexistence of that fact. It had long before been significantly said in *Park v. Hopkins, supra,* that there is no sensible distinction between a parent and a stranger in this respect. The cause of action was sustained and the contention that the plaintiff's husband should be joined in the action was overruled under the modern "married Women's Acts." The reasoning is equally applicable to the facts alleged in the complaint now before us.

An extensive annotation upon the subject of the propriety of a suit by a spouse against the parents of his or her wife or husband for alienation of the affections of the latter is found in 108 A. L. R., 408, and the cases pertinent to this begin at page 419. See also Volume 3, Restatement of the Law of Torts, p. 486 *et seq.*

From the foregoing authorities we have no hesitation in finding that the complaint states a cause of action and we find no merit in appellants' contention that causal connection between the alleged wrongful conduct of the defendant and the separation of the couple is insufficiently shown and that,

therefore, such separation was the voluntary act of the respondent. On the other hand, the requisite causal connection between the alleged tortious conduct and the marital separation appears to be plainly and amply stated in the complaint. A reading of it is convincing of the necessity of that construction. There was no error in the conclusion of the lower Court that the complaint states a cause of action.

Therefore, the exception is overruled, the order appealed from affirmed, and the case remanded to the Circuit Court with leave to the defendants to answer within ten days after filing of the remittitur.

MR. CHIEF JUSTICE BAKER, and MESSRS. ASSOCIATE JUSTICES FISHBURNE, TAYLOR and OXNER concur.