0846

Linda R. HOOKS, Respondent v. SOUTHERN BELL TELEPHONE AND TELEGRAPH COMPANY, Appellant.

(351 S. E. (2d) 900)

Court of Appeals

*Mary Geiger Lewis* and *A. Camden Lewis*, both of *Lewis, Babcock, Gregory and Pleicones*, Columbia, *for appellant.*

*C. Ben Bowen*, of *Abrams, Bowen & Parham*, Greenville, *for respondent.*

Heard Oct. 16, 1986.

Decided Dec. 29, 1986.

BELL, Judge:

Linda R. Hooks applied for lump sum payment of her weekly workers' compensation benefits for an injury arising out of her employment with Southern Bell Telephone and Telegraph Company. The industrial commissioner approved the payment, and the full Commission affirmed. The circuit court affirmed the Commission's decision. Southern Bell appeals. We affirm.

In October 1982, Hooks injured her back while employed by Southern Bell. In December 1982, the single commissioner awarded her weekly disability benefits of one hundred ninety-seven dollars for five hundred weeks. In May 1983, the full Industrial Commission affirmed the award. Hooks subsequently applied for a lump sum payment of the balance due on the award.

At the time Hooks was injured, lump sum payments of disability awards were governed by Section 42-9-300, Code of Laws of South Carolina, 1976, which provided:

> Whenever any weekly payment has been continued for not less than six weeks, the liability therefor may, *in unusual cases*, when the employee so requests and the Commission deems it to be the best interest of the employee or his dependents, or when it will prevent undue hardship on the employer or his insurance car-

rier, without prejudicing the interest of the employee or his dependents, be redeemed, in whole or in part, by the payment by the employer of a lump sum which shall be fixed by the Commission. ... (Emphasis added).

In 1983, the Legislature replaced this statute with Section 42-9-301, Code of Laws of South Carolina, 1976, effective June 10, 1983, which contained almost identical language, but without the phrase "in unusual cases."

The circuit court held the 1983 amendment is remedial and, as such, may be applied retroactively to awards made before its effective date.

The issue before this Court is whether Section 42-9-301 may be retroactively applied. We conclude it may.

A statute is presumed to be prospective unless it is remedial or procedural in nature. *Hercules Inc. v. South Carolina Tax Commission*, 274 S. C. 137, 262 S. E. (2d) 45 (1980).

Southern Bell maintains Section 42-9-301 is not remedial because it does not create a new remedy, but merely changes the method of payment. This argument misinterprets the nature of a remedial statute.

A statute is remedial when it creates new remedies for existing rights or enlarges the rights of persons under disability, unless it violates a contractual obligation, creates a new right, or divests a vested right. *Smith v. Eagle Construction Co.*, 282 S. C. 140, 318 S. E. (2d) 8 (1984) (citing *Byrd v. Johnson*, 220 N. C. 184, 16 S. E. (2d) 843 (1941)); *Atlantic Soft Drink Co. of Columbia v. South Carolina National Bank,* 287 S. C. 228, 336 S. E. (2d) 876 (1985).

Section 42-9-301 enlarges the remedy available to claimants without creating any new right. The statute merely enables claimants to obtain lump sum payment of funds to which they are already entitled. We hold, therefore, that Section 42-9-301 is remedial and may be applied retroactively.

Southern Bell contends, however, retroactive application of Section 42-9-301 would deprive employers of their vested right to seek review of periodic workers' compensation awards. Section 42-17-90 empowers the Industrial Commission to review and alter awards up to twelve months after final payment. Southern Bell maintains a

lump sum payment would impair this right because it would shorten the period during which review could be sought.

Southern Bell's argument is flawed in two respects. First, the vested right Southern Bell claims is not substantive, but procedural. It is merely a right to seek review. Second, a statute may be applied retroactively to limit the time in which a right may be exercised. Thus, legislation suspending or shortening a statute of limitations has been held to be remedial and applied to claims arising prior to enactment. *See Hercules Inc. v. South Carolina Tax Commission, supra; O'Donoghue v. State,* 66 Wash. (2d) 787, 405 P. (2d) 258 (1965). If Section 42-9-301 is applied retroactively, Southern Bell may still seek a review of the award for one year following the lump sum payment. Thus, application of Section 42-9-301 will only limit, not eliminate, the availability of review. Even under the previous statute, Section 42-9-300, an employer's right to seek review was restricted by the possibility of lump sum awards "in unusual cases." We hold, therefore, retroactive application of Section 42-9-301 does not deprive Southern Bell of any substantive right.

For these reasons, the order of the circuit court is

Affirmed.

CURETON and GOOLSBY, JJ., concur.