## 23303

Rick NELSON, Personal Representative for the Estate of Gladys H. Nelson, Deceased, Appellant v. CONCRETE SUPPLY COMPANY, and John T. Clinkscales, Respondents.

(399 S.E. (2d) 783)

Supreme Court

*Ken Suggs, Suggs & Kelly, Lawyers,* Columbia, *for appellant.*

*Susan McWilliams* and *Susan Lipscomb, Nexsen, Pruet, Jacobs & Pollard,* Columbia, *for respondents.*

Heard Nov. 14, 1990.

Decided Jan. 7, 1991.

GREGORY, Chief Justice:

Appellant commenced this negligence action to recover damages for the death of Gladys Nelson. Mrs. Nelson was killed when the vehicle she was driving ran into the back of an eighteen-wheel tractor trailer truck owned by respondent Concrete Supply Company and driven by respondent John Clinkscales. The truck was on an entrance ramp to the interstate highway waiting to merge with oncoming traffic when the collision occurred. The jury returned a verdict for respondents. We affirm.

At trial, appellant requested a jury charge on the law of comparative negligence which the trial judge refused. In arguing for reversal, appellant asks this Court to overrule *Freer v. Cameron,* 37 S.C.L. (4 Rich.) 228 (1851), and subsequent precedent upholding our long-standing rule of contributory negligence. Having determined comparative negligence is the more equitable doctrine, we now join the vast majority of our sister jurisdictions and adopt it as the law of South Carolina to the extent set forth below. For an exhaustive analytical discussion of the history and merits of comparative negligence, we refer the bench and bar to the opinion of Chief Judge Sanders in *Langley v. Boyter,* 284 S.C. 162, 325 S.E. (2d) 550 (Ct. App. 1984).

For all causes of action arising on or after July 1, 1991,[1] a plaintiff in a negligence action may recover damages if his or her negligence is not greater than that of the defendant. The amount of the plaintiff's recovery shall be reduced in proportion to the amount of his or her negligence. If there is more than one defendant, the plaintiff's negligence shall be compared to the combined negligence of all defendants. *See Elder v. Orluck,* 511 Pa. 402, 515 A. (2d) 517 (1986).

We dispose of appellant's remaining exceptions pursuant to Supreme Court Rule 23.

Affirmed.

HARWELL, FINNEY and TOAL, JJ., and LITTLEJOHN, Associate Justice, concur.

---

[1] We note that on the record before us, the doctrine of comparative negligence would not aid appellant in this case since we find as a matter of law no negligence on the part of respondent Clinkscales. *See* S.C. Code Ann. § 56-5-600 (1976).