Drew A. **SHARP**, Plaintiff and Appellant,

v.

Dr. Maurice K. **ROSKELLEY**, Defendant and Appellee.

No. 870132.

Supreme Court of Utah.

Sept. 12, 1991.

---

**1.** On this issue, see our recent opinion in *Cor-* *nish Town v. Koller,* 817 P.2d 305 (Utah 1991).

George H. Searle, Salt Lake City, for plaintiff and appellant.

Craig M. Peterson, Salt Lake City, for defendant and appellee.

HOWE, Associate Chief Justice:

Plaintiff Drew A. Sharp commenced this action against defendant Maurice K. Roskelley to recover damages for the defendant's alleged alienation of the affections of plaintiff's wife, Abbie Sharp, and for criminal conversation with her. The trial court granted summary judgment in favor of defendant on both claims, and plaintiff appeals.

Plaintiff and Abbie were married in 1977 and are the parents of two minor children. In February 1984, 29–year–old Abbie began employment on a part-time basis as a physician's assistant in defendant's office. Defendant, about 53 years old at that time, was also married; he and his wife are the parents of two minor children. In April 1985, Abbie entered a treatment center to combat chronic alcoholism. Defendant voluntarily paid approximately $7,000 for her treatment, as well as paying her wages for the twenty-eight days she was off work. Upon her release from the center, she resumed employment with defendant, but on a full-time basis. Within the next few months, defendant gave her two successive increases in her hourly rate of pay from $7 or $7.50 to $10 per hour. Toward the end of May 1985, Abbie and defendant commenced a social relationship. They began by playing golf together, which was followed the next week by an outing at a mountain cabin owned by Abbie's family, where they played horseshoes, golfed, went walking together, and kissed. Plaintiff was aware of these outings and did not object to them, though he was unaware the parties had kissed. As this relationship continued into succeeding months, defendant and Abbie engaged in sexual relations on several occasions.

At the time Abbie began her alcoholic treatment, plaintiff related to defendant that he thought her alcoholism was responsible for marital difficulties they were experiencing. In her deposition, however, Abbie blamed the alcoholism on the marital problems; she had been unhappy in the marriage for several years but had remained married so she would have plaintiff's assistance in raising their two young children. She ascribed as a major reason for her discontent with plaintiff his frequent unemployment and his failure to provide for his family. She looked forward to the time when her alcoholism could be brought under control so she could terminate the marriage. Abbie further asserted in her deposition that she and plaintiff had discussed divorce as early as 1982; that after 1983 divorce was discussed as often as once a month; and that on one occasion she had contacted an attorney. In an affidavit in opposition to defendant's motion for summary judgment, plaintiff denied that he and his wife had had any serious marital difficulties before she and defendant began their social relationship. He admitted that they had discussed divorce on four or five occasions when Abbie was intoxicated and upset; that her contact with an attorney was also at a time of intoxication; and that thereafter she did not again contact the attorney and a normal marriage relationship resumed.

In early July 1985, plaintiff, at Abbie's request, moved out of the Sharps' residence. Later that month, also at Abbie's request, they visited a marriage counselor.

Abbie explained that the visit was only to comply with a requirement of her after-care for alcoholic treatment and that she had definitely made up her mind before the visit to end her marriage. Plaintiff disclosed at the visit that he was aware that his wife was having an affair with defendant but that he still wanted to save their marriage. On July 30, 1985, plaintiff filed for divorce, and the decree of divorce was entered on December 26, 1986. On September 5, 1985, plaintiff filed the instant action against defendant, alleging a cause of action for alienation of affections and a second cause of action for criminal conversation. The trial court granted summary judgment in favor of defendant on both causes of action, ruling that the undisputed facts presented to the court demonstrated that defendant was not the controlling cause of plaintiff's loss of his wife's affections and that sexual intercourse between Abbie and defendant did not take place until after plaintiff had moved out of the family home and had filed for divorce. Plaintiff appeals, assailing both rulings. We shall consider them separately.

## I. ALIENATION OF AFFECTIONS

In *Nelson v. Jacobsen,* 669 P.2d 1207 (Utah 1983), this court made an in-depth examination of the common law cause of action for alienation of affections. We spurned the invitation of the defendant in that case to abolish the cause of action, concluding that despite the several objections which have been raised against it in decided cases from other states and by Justice Durham of this court in her dissent in that case, the cause of action served to protect the marital relationship, which was entitled to as much protection as many other relational interests which the law protects. No purpose would be served here to repeat at length what we stated there. Roskelley does not urge us to revisit that decision but instead defends the summary judgment granted him for reasons which we will hereafter discuss.

In *Nelson v. Jacobsen,* we heightened the plaintiff's standard of proof by requiring that the defendant's acts constituted the "controlling cause" of the alienation of affections. *Id.* at 1219. We explained that this means that the causal effect of the defendant's conduct must have outweighed the combined effect of all other causes, including the conduct of the plaintiff spouse and the alienated spouse. Second, we imposed the requirement that in order to make the damages proportionate to the loss of the injured spouse, the trier of fact should consider the duration and quality of the marriage relation, including the extent to which genuine feelings of love and affection existed between the spouses prior to the intervention of the defendant. Justice Stewart, in a concurring and dissenting opinion, observed:

> Nevertheless, the tort of alienation of affections may provide a proper remedy for certain conduct that interferes with the marital relationship. Sex is a powerful force. There are those in special positions of power, status, or authority who may illicitly use sex to satisfy their own passions or for otherwise improper ends. There are any number of such relationships, i.e., professors and students; physicians and patients; psychiatrists, psychoanalysts, or psychologists and clients; and employers and employees. Those who use positions of power or authority for the purpose of obtaining sexual favors and produce an alienation of affections between the one in an inferior position and his or her spouse, abuse and overreach any legitimate power they may have. In such cases, the consequence may be not only the breakup of one or perhaps two marriages, but also unforeseeable consequences in the future lives of the children from such marriages.

*Nelson,* 669 P.2d at 1222. See *Norton v. Macfarlane,* 818 P.2d 8 (Utah 1991), also decided today, where Justice Stewart amplifies those views on this tort.

Turning to the instant case, defendant contends that the summary judgment in his favor must be upheld because as a matter of law, his actions did not constitute the controlling cause of plaintiff's loss of his wife's affections. He argues that he did

not influence Abbie to separate from or divorce her husband at any time; that their marital relationship was "deeply troubled and irreversibly undermined" prior to the commencement of his social relationship with her; and that at best, defendant played a minor role in the demise of their marriage, not rising to the level of being the controlling cause. While this contention is supported by the deposition testimony of defendant and Abbie, plaintiff, in an affidavit filed in opposition to the motion for summary judgment, stated that prior to the time Abbie and defendant began their social relationship, divorce was discussed only on four or five occasions when she was intoxicated; that once when intoxicated she contacted an attorney concerning divorce, but after sobering up, she did not pursue that course and they resumed a normal marriage relationship; that they did not often quarrel; and that marital problems did not arise until after defendant and Abbie began their social relationship.

It is clear that there was a dispute of a material fact which precluded the granting of summary judgment. The parties sharply disagree as to the health of the marriage at the time defendant came upon the scene. The determination of that question may largely control whether defendant's conduct was the controlling cause of the loss of Abbie's affection for her husband. In view of this factual difference, it was error for the trial court to grant summary judgment. The case must therefore be remanded to the trial court for further proceedings.

## II. CRIMINAL CONVERSATION

■ For the reasons set forth in my concurring and dissenting opinion in *Norton v. Macfarlane*, 818 P.2d at 18, I would retain the tort of criminal conversation, a view shared by Chief Justice Hall. However, a majority of the court today abolishes the action in *Norton*. Therefore, the trial court's order granting summary judgment in favor of defendant on this issue is affirmed.

## III. OTHER ISSUES

■ Two other matters remain to be considered. The trial court denied plaintiff's motion to compel discovery of defendant's financial condition. The court's order of denial was made at the same time summary judgment was entered in favor of defendant on plaintiff's claim for alienation of affections. On remand, plaintiff should be allowed to pursue his discovery. As heretofore pointed out, defendant was the employer of plaintiff's wife, was about 24 years her senior, and paid substantial amounts of money for her personal needs. While this showing should permit discovery of defendant's financial condition, we refrain from expressing any opinion as to whether evidence of these facts would be sufficient to sustain an award of punitive damages should the jury ultimately make such an award. *See Nelson*, 669 P.2d at 1219.

We do not reach plaintiff's contention that the trial court failed to exclude from evidence Abbie's deposition testimony pursuant to Utah Code Ann. § 78-24-8(1). Plaintiff raised no objection to the testimony in the trial court, and we will not consider the issue for the first time on appeal. The summary judgment on plaintiff's cause of action for alienation of affections is reversed, and the case is remanded for further proceedings consistent with this opinion. The summary judgment on plaintiff's claim for criminal conversation is affirmed.

HALL, C.J., concurs.

STEWART, Justice (concurring):

I concur in Justice Howe's opinion to the extent that it would not abolish the tort of alienation of affections and for the reasons stated in my opinion in *Norton v. Macfarlane*, No. 880248, but I disagree with Justice Howe's view that the tort of criminal conversation should also continue to be recognized as a viable cause of action in this state, separate and apart from the tort of alienation of affections. Although I do not agree with the grounds relied upon by Justices Durham and Zimmerman in support of their view on that point, their votes, together with mine, make a majority for

abolishing the tort of criminal conversation as a separate, independent tort.

My vote, combined with Justice Howe and Chief Justice Hall, results in sustaining the viability of the tort of alienation of affections, but that tort is modified, as explained more fully in my opinion in *Norton v. Macfarlane.*

DURHAM, Justice (concurring and dissenting):

I concur in affirming the trial court's order dismissing the criminal conversation cause of action for the reasons stated in *Norton v. Macfarlane,* 818 P.2d 8, 15–17 (Utah 1991). However, for the reasons set forth in my concurring and dissenting opinion in *Norton,* I dissent from the analysis and holding in part I concerning the tort of alienation of affections.

ZIMMERMAN, Justice (concurring and dissenting):

I concur in the result reached in part II abolishing the tort of criminal conversation but dissent from part I's continued recognition of the tort of alienation of affections, all for the reasons set forth in my concurring and dissenting opinion in *Norton v. Macfarlane,* 818 P.2d 8, 22–23 (Utah 1991). I would affirm the action below dismissing the complaint in its entirety.