23720

Thomas A. RUSSO, Respondent v. John P. SUTTON, M.D., Appellant.

(422 S.E. (2d) 750)

Supreme Court

*Victoria L. Eslinger* and *Marcus A. Manos*, of *Nexsen, Pruet, Jacobs & Pollard*, Columbia, *for appellant.*

*A. Camden Lewis* and *Mary G. Lewis*, of *Lewis, Babcock & Hawkins*, Columbia, *for respondent.*

Heard March 24, 1992; Decided Sept. 21, 1992.

Reh. Den. Oct. 27, 1992.

HARWELL, Chief Justice:

Respondent Thomas A. Russo prevailed in a suit against appellant John P. Sutton for criminal conversation and alienation of affections. Appellant argues that these "heart balm" causes of action should be abolished retroactively.[1] Although we agree that these causes of action are antiquated, we choose only to abolish the tort of alienation of affections prospectively; accordingly, we affirm.

## I. FACTS

Appellant and respondent's wife commenced an adulterous relationship in August 1987. Respondent and his wife separated in February 1988 after respondent confronted his wife about the extramarital affair. In August 1988 respondent and his wife attempted a reconciliation. They were unable to salvage their marriage, and subsequently were divorced in July 1989.

Respondent brought this action seeking damages from appellant for alienation of affections and criminal conversation. The jury awarded respondent damages in the amount of $50,000 for the criminal conversation cause of action, and $30,000 for the alienation of affections cause of action. The

---

[1] The legislature abolished causes of action for criminal conversation accruing after June 30, 1988. S.C. Code Ann. § 15-3-150 (Supp. 1991). Respondent allegedly was injured prior to this date.

trial judge denied appellant's motions for judgment notwithstanding the verdict and/or a new trial.

## II. DISCUSSION

Appellant asserts that the causes of action asserted by respondent are outmoded and violative of the public policy of South Carolina. We agree.

Criminal conversation means adulterous relations between the defendant and the spouse of the plaintiff. *Fennell v. Littlejohn*, 240 S.C. 189, 125 S.E. (2d) 408 (1962). To sustain the action, the plaintiff must establish (1) the marriage between the spouses, and (2) sexual intercourse between the defendant and the spouse during coverture. *Id.* The tort long has been recognized in this State, but generally is not looked upon with favor. *Id.* At one time, criminal conversation was based on the premise that one who interfered with the husband's right to exclusive possession of his wife's body was liable in trespass to the husband for the injury done by seducing the wife. *Haney v. Townsend*, 12 S.C.L. (1 McCord) 207 (1821). The basis for the common law regarding criminal conversation evolved, so that the law regarded the purpose of criminal conversation to be the protection of the marriage relationship against those who might wrongfully intrude, even when the possibility of reconciliation is remote. *Fennell*, 240 S.C. at 197, 125 S.E. (2d) at 412. Under this theory, a wife also possessed the legal right to bring a corresponding action when her husband engaged in adultery. See *Rivers v. Rivers*, 292 S.C. 21, 354 S.E. (2d) 784 (Ct. App. 1987) (wife successfully brought an action against her husband's paramour for criminal conversation).

The elements required to prove a cause of action for alienation of affections are (1) wrongful conduct on the part of the defendant, (2) the plaintiff's loss of affection or consortium of the spouse, and (3) a causal connection between the defendant's conduct and the plaintiff's loss. *Rivers*, 292 S.C. at 29, 354 S.E. (2d) at 788. This tort seeks compensation for a party who has been deprived of the comfort, society, and aid of his spouse because of the acts of another. See *Holloway v. Holloway*, 204 S.C. 565, 30 S.E. (2d) 596 (1944). A cause of action for alienation of affections does not necessarily involve adulterous intercourse, although it may. *Rivers*, 292

S.C. at 29, 354 S.E. (2d) at 788. Although the tort originally was available only to husbands, we extended to wives the right to bring actions for alienation of affections in *Messervy v. Messervy*, 82 S.C. 559, 64 S.E. 753 (1909).

Many states have abolished "heart balm" litigation through legislative enactments.[2] Other states have abolished causes of action for alienation of affections or criminal conversation by judicial pronouncement.[3] Thus, the majority of states have acknowledged that these causes of action were rooted in antiquated perceptions that wives are chattel of their husbands, and that the actions survived in hopes that they afforded some protection to marital relationships. *Fundermann v. Mickelson*, 304 N.W. (2d) 790 (Iowa 1981). However, "[h]uman experience is that the affections of persons who are devoted and faithful are not susceptible to larceny. . . ." *Id.* at 791. When a marriage is viable, an outsider can neither entice one spouse to adultery, nor alter the mental attitude of one spouse toward the other. *Accord O'Neil v. Schuckardt*, 112 Idaho 472, 733 P. (2d) 693 (1986).

Causes of action for criminal conversation and alienation of affections present opportunities for blackmail. They are often brought for mercenary or vindictive reasons. *O'Neil*, 112

---

[2] Statutes abolishing alienation of affections: Ala. Code § 6-5-331 (1975); Ariz. Rev. Stat. Ann. § 25-341 (1991); Ark. Stat. Ann. § 16-118-106 (Supp. 1991); Cal. Civ. Code § 43.5 (1982); Colo. Rev. Stat. § 13-20-202 (1987); Conn. Gen. Stat. Ann. § 52-572b (1991); Del. Code Ann. tit. 10, § 3924 (1974); D.C. Code Ann. § 16-923 (1989); Fla. Stat. Ann. § 771.01 (1984); Ga. Code Ann. § 51-1-17 (1982); Ind. Code Ann. § 34-4-4-1 (1985); Kan. Stat. Ann. § 23-208 (1988); Me. Rev. Stat. Ann. tit. 19, § 167 (1981); Md. Fam. L. Code Ann. § 3-103 (1991); Mass. Gen. L. Ann. ch. 207, § 47B (1987); Mich. Comp. Laws Ann. § 600.2901 (1986); Minn. Stat. Ann. § 553.02 (1988); Mont. Code Ann. § 27-1-601 (1991); Neb. Rev. Stat. § 25-21,188 (1989); Nev. Rev. Stat. Ann. § 41.380 (1986); N.J. Stat. Ann. § 2A:23-1 (1987); N.Y. Civ. Rights Law § 80-a (1976); N.D. Cent. Code § 14-02-06 (1991); Ohio Rev. Code Ann. § 2305.29 (1991); Okla. Stat. Ann. tit. 76, § 8.1 (1987); Or. Rev. Stat. § 30.840 (1983); Pa. Cons. Stat. § 1901 (1991); R.I. Gen. Laws § 9-1-42 (1985); Tenn. Code Ann. § 36-3-701 (1991); Tex. Fam. Code Ann. § 4.06 (1986); Vt. Stat. Ann. tit. 15, § 1001 (1989); Va. Code Ann. § 8.01-220 (1984); W. Va. Code § 56-3-2a (Supp. 1991); Wis. Stat. Ann. § 768.01 (1981); Wyo. Stat. § 1-23-101 (1977).

[3] Courts abolishing alienation of affections: *Hoye v. Hoye*, 824 S.W. (2d) 422 (Ky. 1992); *O'Neil v. Schuckardt*, 112 Idaho 472, 733 P. (2d) 693 (1986); *Fundermann v. Mickelson*, 304 N.W. (2d) 790 (Iowa 1981); *Hunt v. Hunt*, 309 N.W. (2d) 818 (S.D.1981); *Wyman v. Wallace*, 94 Wash. (2d) 99, 615 P. (2d) 452 (1980).

Courts abolishing criminal conversation: *Sharp v. Roskelley*, 818 P. (2d) 4 (Utah 1991); *Hunt v. Hunt*, 309 N.W. (2d) 818 (S.D. 1981).

Idaho at 477, 733 P. (2d) at 698. The remedies of alienation of affections and criminal conversation foster bitterness, promote vexatious lawsuits, put marriages on the marketplace, and use marriages as a means of character assassination. *Hunt v. Hunt*, 309 N.W. (2d) 818, 822 (S.D.1981). *See also O'Neil*, 112 Idaho at 476, 733 P. (2d) at 698; *Wyman v. Wallace*, 94 Wash. (2d) 99, 615 P. (2d) 452 (1980).

The common law changes when necessary to serve the ■ needs of the people. *Dupuis v. Hand*, 814 S.W. (2d) 340, 346 (Tenn. 1991). We have not hesitated to act in the past when it has become apparent that the public policy of the State is offended by outdated rules of law. *See Nelson v. Concrete Supply Co.*, 303 S.C. 243, 399 S.E. (2d) 783 (1991) (abolishing contributory negligence); *McCall v. Batson*, 285 S.C. 243, 329 S.E. (2d) 741 (1985) (abolishing sovereign immunity). Criminal conversation and alienation of affections are of common law origin. Their common law origin exists despite any subsequent recognition of the torts by our legislature.[4] *Accord Hunt*, 309 N.W. (2d) at 820. Thus, both criminal conversation and alienation of affections may be removed from the common law by common law mandate. *See Hossenlopp v. Cannon*, 285 S.C. 367, 329 S.E. (2d) 438 (1985).

The public policy of this State is to foster and protect ■ marriage, to make it a permanent and public institution, to encourage the parties to live together, and to prevent separation. *Fennell*, 240 S.C. at 196, 125 S.E. (2d) at 413. We find, however, that the torts of criminal conversation and alienation of affections have outlived any usefulness they may have possessed in regard to preventing the dissolution of marriages. We discern that the public policy of this State is consistent with the modern course of the law moving away from "heart balm" causes of action. In fact, the legislature already has dispensed with causes of action for criminal conversation. S.C. Code Ann. § 15-3-150 (Supp. 1991). We join the

---

[4] S.C. Code Ann. § 15-75-20 (1976) provides that "any person may maintain an action for damages arising from an intentional or tortious violation of the right to the companionship, aid, society and services of his or her spouse. *Provided*, that such action shall not include any damages recovered prior thereto by the injured spouse." This section generally has been applied to actions by one spouse for loss of consortium arising out of personal injuries sustained by the other spouse. *See* annotations following section 15-75-20. We in no way limit causes of action arising in this manner.

majority of states in abolishing the "heart balm" tort of alienation of affections for causes of action accruing after the date of filing of this opinion.[5]

Because our decision to abolish the tort of alienation of affections is given prospective application, the order of the trial judge is

Affirmed.

FINNEY and TOAL, JJ., and C. TOLBERT GOOLSBY, JR., Acting J., concur.

CHANDLER, J., dissenting in separate opinion.

CHANDLER, Justice (dissenting):

I respectfully dissent. In my opinion, it is for the General Assembly, and not this Court, to determine whether actions for alienation of affection have become outmoded.

This Court has repeatedly recognized that "if the law is to be changed, such change should come from the legislature." *Copeland v. Housing Authority of Spartanburg*, 282 S.C. 8, 9, 316 S.E. (2d) 408, (1984). In *Rogers v. Florence Printing Company*, 233 S.C. 567, 574, 106 S.E. (2d) 258, 261-262 (1958), Justice Legge stated:

> It is often the function of the courts by their judgments to establish public policy where none of the subject exists. But overthrow by the courts of existing public policy is quite another matter. That its establishment may have resulted from decisional, rather than statutory, law, is, in our opinion, immaterial. Once firmly rooted, such policy becomes in effect a rule of conduct or of property within the state. In the exercise of proper judicial self-restraint,

---

[5] The legislature was constrained to act prospectively when it abolished criminal conversation. This is because the legislature cannot create a statute which applies retroactively to divest vested rights. *Hooks v. Southern Bell Telephone & Telegraph Co.*, 291 S.C. 41, 351 S.E. (2d) 900 (Ct. App. 1986). In contrast, retroactive application of judicial changes in the common law is a unique feature of common law adjudication. *Dupuis*, 814 S.W. (2d) at 343 n. 3. We note that most states that have judicially abolished these causes of action have done so retroactively. However, here, we choose to decline to exercise our prerogative to retroactively abolish both causes of action for alienation of affections and for criminal conversation. *Cf. Treiber v. Hess*, 301 Ark. 97, 782 S.W. (2d) 43 (1990) (acknowledging power to abolish alienation of affections as of time suit was pending, but declining to do so).

the courts should leave it to the people, through their elected representatives in the General Assembly, to say whether or not it should be revised or discarded.

The General Assembly, in expressly abolishing actions for criminal conversation, was, significantly, silent on actions for alienation of affections; had the legislature intended to abrogate such actions, it could have done so. Retention by the General Assembly of the tort for alienation of affections presents a clear inference that the legislative branch considers this cause of action contributes to the preservation of marriage. I would defer to its wisdom.

In *Fennell v. Littlejohn*, 240 S.C. 189, 197, 125 S.E. (2d) 408 (1962), we stated

The relation once formed, the law steps in and holds the parties to various obligations and liabilities. It is an institution, in the maintenance of which in its purity the public is deeply interested, for it is the foundation of the family and society, without which there would be neither civilization nor progress.

[citing *Maynard v. Hill*, 125 U.S. 190, 8 S.Ct. 723, 31 L.Ed. 654 (1888)].

I respectfully dissent.