I concur with the majority as to part I of the main opinion; however, as to part II, I respectfully dissent, as I dissented in Campbell v. Alabama Power Co., 567 So.2d 1222, 1227 (Ala. 1990), and on the same rationale. Since my dissent in Campbell, two additional jurisdictions have abandoned the doctrine of contributory negligence in favor of the doctrine of comparative negligence. See McIntyre v. Balentine, 833 S.W.2d 52 (Tenn. 1992), and Nelson v. Concrete Supply Co., 303 S.C. 243,399 S.E.2d 783 (1991). At the time of this dissent, almost every common law jurisdiction in the world and 46 American states have replaced the outmoded doctrine of contributory negligence with some form of the doctrine of comparative negligence.
The bench and the bar in each of the jurisdictions adopting the doctrine of comparative negligence have proved themselves able to overcome the problems attendant to change; they have overcome those problems in order to implement a fairer system of justice. Our bench and bar are no less able to overcome those problems. I believe that our system would fairly and effectively resolve any problems arising out of the change to the doctrine of comparative negligence, as they arose.
Although in each jurisdiction adopting the doctrine of comparative negligence the discussions leading to the adoption have been many and varied, each jurisdiction has recognized that the doctrine of contributory negligence is inconsistent with the legal logic of the common law tort system and leads to unjust results. That legal reasoning applies with equal force to the law of our state. I continue to believe, therefore, that the citizens of the state of Alabama would be more fairly served by a system of comparative negligence.
SHORES, J., concurs.