762 A.2d 653

LEONARD PIVNICK, PLAINTIFF–APPELLANT, v. DAVID BECK,
ESQ., AND SILLS CUMMIS ZUCKERMAN RADIN TISCHMAN
EPSTEIN & GROSS, DEFENDANTS–RESPONDENTS.

Argued October 24, 2000—Decided December 7, 2000.

*Hilton L. Stein,* argued the cause for appellant (*Mr. Stein,* attorney; *Mr. Stein* and *Diane M. Acciavatti,* on the brief).

*James M. Hirschhorn,* argued the cause for respondents (*Sills Cummis Radin Tischman Epstein & Gross,* attorneys; *Mr. Hirschhorn* and *Thomas J. Demski,* of counsel).

PER CURIAM.

We affirm the judgment below substantially for the reasons stated in the opinion of the Appellate Division, reported at 326 *N.J.Super.* 474, 741 *A.*2d 655 (1999). We add one additional source of authoritative support.

■ The American Law Institute has taken a position that is consistent with the holding of the Appellate Division. Regarding suits by nonclients, section 51 of the Restatement (Third) of the Law Governing Lawyers provides that a lawyer owes a duty of care "to a nonclient when ... the lawyer knows that a client intends as one of the primary objectives of the representation that the lawyer's services benefit the nonclient." *Restatement (Third) of the Law Governing Lawyers* § 51(3)(a) (1998). Comment f to section 51 explains:

When the claim is that the lawyer failed to exercise care in preparing a document, such as a will, for which the law imposes formal or evidentiary requirements, the third person must prove the client's intent by evidence that would satisfy the burden of proof applicable to construction or reformation (as the case may be) of the document. See Restatement Third, Property (Donative Transfers) §§ 11.2 and 12.1 (Tentative Draft No. 1, 1995) (preponderance of evidence to resolve ambiguity in donative instruments; clear and convincing evidence to reform such instruments).

[*Restatement (Third) of the Law Governing Lawyers* § 51 comment f (1998).]

■ In an earlier proceeding before the Probate court, plaintiff undertook to have an unambiguous Will and Trust Agreement reformed. In the present case, plaintiff alleges that the lawyer was negligent in drafting the Will and Trust Agreement because it does not reflect the testator-settlor's intent. Thus, the appropriate burden of proof in this case is clear and convincing evidence.

672

*For affirmance*—Chief Justice PORITZ and Justices STEIN, COLEMAN, LONG, VERNIERO, LaVECCHIA and ZAZZALI—7.

*Opposed*—None.