THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 The State, Respondent,
 v.
 Aaron Grant
 Donaldson, Appellant.
 
 
 

Appeal from Richland County
 L. Casey Manning, Circuit Court Judge

Unpublished Opinion No. 2010-UP-279
Submitted May 3, 2010  Filed May 20, 2010    

AFFIRMED

 
 
 
 Appellate Defender Kathrine H. Hudgins, of Columbia, for Appellant.
 Attorney General Henry Dargan McMaster, Chief Deputy Attorney
 General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, Assistant
 Attorney General William M. Blitch, Jr., and Solicitor Warren B. Giese, all of
 Columbia, for Respondent.
 
 
 

PER CURIAM:  Aaron Grant Donaldson was convicted of two counts of first-degree criminal sexual conduct
 with a minor under the age of eleven, one count of second-degree criminal
 sexual conduct with a minor between the ages of eleven and fourteen, and two
 counts of incest.  Donaldson appeals, arguing that the trial court erred in
 refusing to suppress a confession he made to his former pastor because it was
 protected by the clergyman-penitent privilege.  We affirm pursuant to Rule 220(b), SCACR,[1] and the following authorities:  S.C. Code Ann. § 19-11-90 (1985) (prohibiting the
 disclosure of any confidential communication with a clergyman only when it is properly entrusted to him in his professional capacity and
 necessary and proper to enable him to discharge the functions of his office
 according to the usual course of practice or discipline of his church or
 religious body); State v. Pagan, 369 S.C. 201, 208, 631 S.E.2d
 262, 265 (2006) (holding that an abuse of discretion occurs when the decision
 of the trial court is based upon an error of law or upon factual findings that
 are without evidentiary support); State v.
 Schumpert, 312 S.C. 502, 507, 435 S.E.2d 859, 862 (1993) (providing
 that any error in the admission of evidence is harmless when the improper
 evidence is cumulative to other evidence); Rivers
 v. Rivers, 292 S.C. 21, 26, 354 S.E.2d 784,
 787 (Ct. App. 1987) (holding that the burden of showing the facts required to establish the
 clergyman-penitent privilege rests on the party objecting to the disclosure of
 the communication and the trial court's determination of whether a
 communication is privileged is conclusive absent an abuse of discretion), superseded by statute on other grounds as recognized
 in Russo v. Sutton, 310 S.C. 200, 422 S.E.2d 750 (1992).
AFFIRMED.
KONDUROS and LOCKEMY,
 JJ., and CURETON, A.J., concur.

[1] We decide this case without oral argument
 pursuant to Rule 215, SCACR.