*493 Justice KITTREDGE.
I concur in the majority opinion except as may concern the applicable burden of proof, which is not addressed in the majority opinion. I agree with Justice Pleicones that the burden of proof should be the clear and convincing standard.
Justice PLEICONES.
I agree with the majority that we should recognize a cause of action for legal malpractice brought on behalf of a person in Appellant’s position. As I believe this cause of action should properly sound only in tort, I write separately. Further, I would hold that a decision should only apply prospectively, but that Appellant may pursue her claim to finality under the guidelines announced today.
I agree that public policy considerations dictate a relaxation of the strict privity requirement for purposes of asserting a legal malpractice claim against an attorney who drafts an estate planning document. See Russo v. Sutton, 310 S.C. 200, 204, 422 S.E.2d 750, 753 (1992) (“We have not hesitated to act in the past when it has become apparent that the public policy of the State is offended by outdated rules of law.”); see also Auric v. Continental Cas. Co., 111 Wis.2d 507, 331 N.W.2d 325, 329 (1983) (relaxing the requirement of strict privity in the context of a legal malpractice action based on public policy considerations because the possibility of liability for negligent drafting of an estate planning instrument is one way to make an attorney accountable for his negligence). Likewise, I agree that an attorney owes a duty only to a beneficiary named in an estate planning instrument or identified as such by status in the instrument. See Lucas v. Hamm, 56 Cal.2d 583, 15 Cal.Rptr. 821, 364 P.2d 685, 687 (1961) (stating the policy reasons, such as the foreseeability of harm to the named-beneficiary, that support the imposition of a duty); see also Restatement (Third) of the Law Governing Lawyers § 51(3)(a) (2000) (stating a lawyer owes a duty to a non-client when “the lawyer knows that a client intends as one of the primary objectives of the representation that the lawyer’s services benefit the non-client”). Thus, I agree that Appellant may assert a legal malpractice claim against Respondent based on Respondent’s status as a named beneficiary in the trust instrument.
*494 I also write separately as I would require a beneficiary asserting such a legal malpractice claim to prove by clear and convincing evidence that the attorney breached the duty owed to the beneficiary, and the beneficiary suffered damages which were proximately caused by the attorney’s breach. See S.C.Code Ann. § 62-2-601(B) (Supp.2013) (noting the burden of proof is clear and convincing evidence in a will reformation action); see, e.g., Pivnick v. Beck, 165 N.J. 670, 762 A.2d 653, 654 (2000) (adopting the clear and convincing burden of proof when a non-client brings a legal malpractice claim on the basis that a lawyer was negligent in drafting an estate planning document).
I respectfully differ from the majority’s recognition of a breach of contract action based on a beneficiary’s supposed status as a third-party beneficiary. While I acknowledge, as the majority sets forth in great detail, that many jurisdictions recognize a breach of contract action on this basis,[2] I would rely on precedent from this Court and find that a legal malpractice action, which is a form of professional negligence brought by a third-party who lacks privity, sounds only in tort. See Tommy L. Griffin Plumbing & Heating Co. v. Jordan, Jones & Goulding, Inc., 320 S.C. 49, 54-55, 463 S.E.2d 85, 88 (1995) (finding a professional negligence action sounds in tort). Moreover, while I agree with the majority that evidence extrinsic to the four corners of the estate planning instrument is admissible to prove whether a lawyer breached his duty in drafting the instrument, I believe characterizing such evidence as “extrinsic” in a legal malpractice context is a misnomer because the evidence sought to be admitted does not “relate to a contract.”[3]
Finally, I disagree with allowing “cases pending on appeal as of the date of the opinion” the opportunity to pursue a legal malpractice action in this context. Instead, I would hold that while Appellant may pursue her claim to finality, our decision *495 should only apply prospectively. See Toth v. Square D Co., 298 S.C. 6, 8-10 877 S.E.2d 584, 586-87 (1989) (“Prospective application is required when liability is created where formerly none existed.”). I would allow Appellant the benefit of pursuing her claim because our decision today recognizes a duty that has been foreshadowed by this Court. See Rydde v. Morris, 381 S.C. 643, 647, 675 S.E.2d 431, 433 (2009) (noting, albeit in dicta, that generally an attorney owes a duty to a non-client intended beneficiary of an executed will where it is shown that the testator’s intent has been defeated or diminished by negligence on the part of the attorney, resulting in loss to the beneficiary); see also Joan Teshima, Annotation, Attorney’s Liability, to One Other Than Immediate Client, for Negligence in Connection with Legal Duties, 61 A.L.R.4th 615 (1988 & Supp.2014) (compiling cases from a majority of jurisdictions recognizing that an estate planning attorney may be liable to a beneficiary named or one identified as such by her status in an estate planning instrument).
Whether Appellant can prevail on her legal malpractice claim is a question for the fact finder and is one in which we do not answer today. Therefore, I concur with the majority’s reversal of the circuit court’s Rule 12(b)(6) dismissal because Appellant has stated a viable cause of action in tort based on Respondent’s purportedly negligent drafting of the trust instrument.
TOAL, C.J., concurs.

. See, e.g., Lucas, 15 Cal.Rptr. 821, 364 P.2d at 689.

. See Black's Law Dictionary 637 (9th ed.2009) (defining extrinsic evidence as evidence “relating to a contract but not appearing on the face of the contract because it comes from other sources, such as statements between the parties or the circumstances surrounding the agreement”).