**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 14-1108**

ROBERT WAYNE HUMPHREY, JR.; CRYSTAL MARIE HUMPHREY,

        Plaintiffs - Appellants,

    v.

DAY & ZIMMERMANN INTERNATIONAL INC.,

        Defendant - Appellee.

Appeal from the United States District Court for the District of South Carolina, at Greenville. Timothy M. Cain, District Judge. (6:12-cv-01458-TMC)

Submitted: September 30, 2014      Decided: January 2, 2015

Before GREGORY, DUNCAN, and KEENAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Blake A. Hewitt, John S. Nichols, BLUESTEIN, NICHOLS, THOMPSON & DELGADO, Columbia, South Carolina; Gary W. Poliakoff, POLIAKOFF & ASSOCIATES, P.A., Spartanburg, South Carolina, for Appellants. Daniel B. White, Stephanie G. Flynn, GALLIVAN, WHITE & BOYD, P.A., Greenville, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Robert Humphrey ("Humphrey") and his wife Crystal Humphrey (collectively "Plaintiffs") appeal the district court's order granting summary judgment for Day & Zimmermann International ("Defendant") on their state-law negligence claims. Finding no error, we affirm.

We review de novo a district court's grant of summary judgment, viewing the facts and drawing all reasonable inferences in the light most favorable to the non-moving party. Glynn v. EDO Corp., 710 F.3d 209, 213 (4th Cir. 2013). Summary judgment is properly granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

In light of the district court's diversity jurisdiction, South Carolina substantive law governs this dispute. Erie R.R. Co. v. Tompkins, 304 U.S. 64, 78-80 (1938). To establish a claim for negligence in South Carolina, a plaintiff must show that: (1) defendants owed him a duty of care; (2) defendants breached this duty by a negligent act or omission; (3) defendants' breach was the proximate cause of their injuries; and (4) he suffered injury or damages. Dorrell v. S.C. Dep't of Transp., 605 S.E.2d 12, 15 (S.C. 2004).

South Carolina has adopted the doctrine of comparative negligence in assessing damages in tort actions. See Nelson v. Concrete Supply Co., 399 S.E.2d 783 (S.C. 1991). A plaintiff's recovery is reduced by the percentage of fault proportioned to the plaintiff, as long as the plaintiff's fault is "not greater than" that of the defendant. See id. at 784. While ordinarily "[c]omparison of a plaintiff's negligence with that of the defendant is a question of fact for the jury to decide," Creech v. S.C. Wildlife & Marine Res. Dep't, 491 S.E.2d 571, 575 n.1 (S.C. 1997), summary judgment is appropriate where "the sole reasonable inference which may be drawn from the evidence is that the plaintiff's negligence exceeded fifty percent." Bloom v. Ravoira, 529 S.E.2d 710, 713 (S.C. 2000) (citing Creech, 491 S.E.2d at 575).

Plaintiffs argue that comparison of Humphrey's negligence to Defendant's negligence is a question properly left to the jury in this case. We disagree. Despite his knowledge of the hazards of the chemical in question, Humphrey failed to ensure that he used his protective equipment properly while repairing the pipe damaged by Defendant's negligence. After his protective jumpsuit was covered in the chemical during the repair work, Humphrey continued his work and exposed himself to the chemical when he broke the seal on his face mask after condensation appeared, rather than replace the mask with a

3

properly fitted one.   On these facts, the district court properly concluded that the only reasonable inference from the evidence here was that Humphrey's negligence exceeded Defendant's as a matter of law.

Accordingly, we affirm the district court's order.  We dispense with oral argument because the facts and legal contentions are adequately presented in the material before this court and argument will not aid the decisional process.

AFFIRMED