**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Kevin M. Granatino, Appellant,

v.

Calvin Williams, Clemson University, South Carolina Department of Transportation and Thrift Development Corporation, Defendants,

Of which South Carolina Department of Transportation and Thrift Development Corporation are the Respondents.

Appellate Case No. 2018-002166

———

Appeal From Pickens County
Perry H. Gravely, Circuit Court Judge

———

Unpublished Opinion No. 2022-UP-003
Heard November 10, 2021 – Filed January 5, 2022

———

**AFFIRMED**

———

Steven Edward Buckingham, of The Law Office of Steven Edward Buckingham, LLC, of Greenville; Stephen R.H. Lewis, of Patrick, Lewis & Watts, P.A., of Greenville; and George L. Marlette, III, of Norwell, Massachusetts, all for Appellant.

James W. Logan, Jr., of Logan Jolly & Smith, LLP, of Anderson, for Respondent South Carolina Department of Transportation.

Charles Stuart Mauney, of Gallivan, White & Boyd, PA, of Greenville; William Thomas Young, III, of Ryan Montgomery Attorney at Law, LLC, of Greenville; and Robert Daniel Corney, of The Derrick Law Firm, of Conway, all for Respondent Thrift Development Corporation.

---

**PER CURIAM:** This is an appeal of a summary judgment against the plaintiff, Kevin Granatino, in a personal injury case. The circuit court ruled in favor of the South Carolina Department of Transportation (SCDOT) and a construction firm—Thrift Development (Thrift). The court found Granatino was more than 50% at fault as a matter of law and that the case could not proceed because Granatino had not retained an expert. We affirm based on our finding that the expert issue precludes this case from moving forward.

**FACTS**

When Granatino was a senior at Clemson University, a car hit him near campus as he was crossing a busy intersection by foot at night. This intersection was also the site of a construction project. SCDOT led the project and subcontracted with Thrift to do much of the work.

Granatino sued the at-fault driver, SCDOT, Thrift, and Clemson for negligently causing his severe injuries. This appeal concerns only SCDOT and Thrift.

In October 2017, the parties entered into a consent scheduling order that called for Granatino to name an expert by January 1, 2018. Granatino did not name an expert by that deadline. Shortly thereafter, on January 12, Granatino's lawyers requested permission to withdraw as counsel, citing a fundamental disagreement on the proper course of action in the case. Granatino consented to the request, and the circuit court granted the motion to withdraw.

Both SCDOT and Thrift moved for summary judgment days after Granatino's lawyers asked to withdraw as counsel. Granatino's stepfather, George Marlette, subsequently applied for admission *pro hac vice*, which the circuit court granted.

The circuit court held the summary judgment hearing a little less than a month after Marlette's admission.

SCDOT and Thrift argued summary judgment was proper because Granatino needed expert testimony to prove his case, he had not disclosed an expert, and he could not disclose an expert because the deadline for him to do so had expired. They further argued Granatino was the preponderant cause of his injuries and was therefore barred from recovery under South Carolina's version of modified comparative negligence. *See Nelson v. Concrete Supply Co.*, 303 S.C. 243, 245, 399 S.E.2d 783, 784 (1991) ("[A] plaintiff in a negligence action may recover damages if his or her negligence is not greater than that of the defendant.").

Granatino made an oral request to the circuit court for additional time to disclose an expert. He explained he had not acquired substitute counsel until after the deadline for disclosing experts passed, but as described above, the deadline had already passed by the time Granatino's former lawyers sought leave to withdraw from the case. He also argued there was evidence suggesting SCDOT and Thrift were negligent and that his negligence relative to everyone else involved in the incident was a question of fact for a jury to decide.

The circuit court refused to extend the deadline, found SCDOT and Thrift bore no fault and were not proximate causes of Granatino's injuries, and granted the motions for summary judgment. Granatino filed a Rule 59(e), SCRCP, motion to alter or amend, which the circuit court denied. Granatino now appeals the circuit court's order granting summary judgment.

## ISSUES

1. Did the circuit court err in determining Granatino's case required expert testimony and in refusing Granatino additional time to find an expert?

2. Did the circuit court err in determining Granatino was more than 50% at fault as a matter of law?

3. Did the summary judgment order erroneously adjudicate genuine disputes of material facts?

## STANDARD OF REVIEW

"An appellate court reviews the granting of summary judgment under the same standard applied by the [circuit] court under Rule 56(c), SCRCP." *Bovain v. Canal Ins.*, 383 S.C. 100, 105, 678 S.E.2d 422, 424 (2009). "Rule 56(c) of the South

Carolina Rules of Civil Procedure provides that a [circuit] court may grant a motion for summary judgment 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" *Id.* (quoting Rule 56(c), SCRCP). "In determining whether any triable issues of fact exist, the evidence and all inferences which can be reasonably drawn from the evidence must be viewed in the light most favorable to the nonmoving party." *Hancock v. Mid-South Mgmt. Co.*, 381 S.C. 326, 329-30, 673 S.E.2d 801, 802 (2009).

## ANALYSIS

Expert testimony is generally necessary in professional negligence cases; however, it is not necessary if the professional's negligence or lack thereof can be evaluated using common knowledge. *See City of York v. Turner-Murphy Co.*, 317 S.C. 194, 196, 452 S.E.2d 615, 617 (Ct. App. 1994) ("Where professional negligence is alleged, expert testimony is usually necessary to establish both the standard of care and the professional's deviation from that standard, unless the subject matter is within the area of common knowledge and experience of the layman so that no special learning is needed to evaluate the professional's conduct."); *see also Dawkins v. Union Hosp. Dist.*, 408 S.C. 171, 176-78, 758 S.E.2d 501, 504 (2014) (an example of an "ordinary negligence" case against a professional that did not require expert testimony).

On appeal, Granatino argues expert testimony was not necessary to prove his case. Yet, the record reflects Granatino never argued to the circuit court that expert testimony was not required. The only expert-related argument Granatino made at the summary judgment hearing was that he should receive additional time to procure an expert, which we address below. An appellant must raise an issue to the circuit court in order to preserve it for appellate review. *See S.C. Dep't of Transp. v. First Carolina Corp. of S.C.*, 372 S.C. 295, 302, 641 S.E.2d 903, 907 (2007). For that reason, we are bound by the circuit court's holding that Granatino's claim requires expert testimony.

Granatino argues he should have had more time to procure expert testimony because his current counsel arrived in the case late, after the time for disclosing expert witnesses set by the scheduling order passed. He requests we find the circuit court abused its discretion by refusing to extend the deadlines. We cannot grant this request.

Neither Marlette nor local counsel filed a formal motion to extend the deadline as soon as they could. "An abuse of discretion occurs when the judge's ruling is based upon an error of law, . . . is without evidentiary support[,]. . . reveals no discretion was exercised[,] or . . . does not fall within the range of permissible decisions applicable in a particular case." *Ex parte Capital U-Drive-It, Inc.*, 369 S.C. 1, 5, 630 S.E.2d 464, 467 (2006)); *see also Rish v. Rish*, 296, S.C. 14, 15, 370 S.E.2d 102, 103 (Ct. App. 1988) ("When an appellate court is in agreement with a discretionary ruling or is only mildly in disagreement, it says that the [circuit court] did not abuse [its] discretion."). Granatino never made a formal motion to extend the scheduling order or the expert deadline, and, as already noted, the deadline came and went before Granatino's original counsel moved to withdraw. During the summary judgment hearing, the circuit court expressed surprise that the plaintiff still did not have an expert and was asking for more time when the case was nearly two years old. To his credit, Granatino's counsel candidly agreed the court's surprise was understandable. We cannot say the court abused its discretion by honoring the deadline in the scheduling order.

Because the expert issue is dispositive, we need not reach the remaining issues. *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (stating an appellate court does not need to review remaining issues when its determination of a prior issue is dispositive).

**AFFIRMED.**

**KONDUROS, HILL, and HEWITT, JJ., concur.**