18529

Clifford BEACH, Respondent, v. Otis W. LIVINGSTON, Robert C. Wasson, Sam N. Burts, J. A. Calhoun, and Walter W. Lewis, as Members of and Constituting and Being the South Carolina Tax Commission, and Frank Wray and Associates, Inc., d/b/a Richland Bowl, Appellants.

(149 S. E. (2d) 328)

136

*Messrs. Daniel R. McLeod, Attorney General,* and *Joseph C. Coleman* and *Joe L. Allen, Jr., Assistant Attorneys General,* of Columbia, *for Appellant,*

*Messrs. Graydon & Davis,* of Columbia, and *Watson & Ayers,* of Greenwood, *for Respondents,*

July 6, 1966.

Moss, Chief Justice.

Clifford Beach, the respondent herein, brought this action against the appellants herein, under Section 65-855 of the 1962 Code, to recover a five cents admissions tax, with interest thereon, which had been paid under protest.

It appears from the record that on June 24, 1965, respondent visited a commercial bowling center known as Richland Bowl, located in Columbia, South Carolina. He bowled one game and paid the regular charge of forty-five cents for such privilege and in addition thereto paid, under protest, a five cents admissions tax asserted to have been collected pursuant to the provisions of Section 65-802 of the Code.

The building housing the thirty-two bowling lanes, owned and operated by the Richland Bowl, also has located therein a restaurant and a bowling equipment shop. The building is open to the public and no charge is made for those entering the building, and there is no requirement that one entering the building participate in bowling. If a person chooses to bowl, he is required to pay forty-five cents per game and, in addition thereto, five cents as an "admissions tax" imposed pursuant to Section 65-802 of the Code.

The respondent paid the aforesaid tax under protest and alleges that it was improperly and illegally assessed and

collected because (a) his visit to Richland Bowl was for the purpose of participating in a sport where no admissions charge was made for entering the bowling center, the only charge being for the participation in the recreation of bowling; and (b) that the General Assembly, by Section 65-802 of the Code, has not levied an admissions tax upon the participation in the recreation of bowling. The appellants deny that the aforesaid tax was improperly, illegally and unlawfully assessed and collected and, on the contrary, allege that said tax was properly assessed and collected pursuant to Section 65-802 of the Code.

This case was heard by The Honorable John Grimball, Presiding Judge, upon the pleadings and the stipulated facts. The trial judge held that Section 65-802 of the Code was not applicable to persons participating in the sport of bowling in any bowling center in which the participant was charged a fee for each game bowled. It is from this order that the appellants prosecute this appeal.

We have for decision here the question of whether the admissions tax, set out in Section 65-802 of the Code, applies to charges paid for permission to bowl in a public bowling alley.

Section 65-802 of the Code provides as follows:

"There shall be levied, assessed, collected and paid upon all paid admissions to all places of amusement within this State a license tax of one cent for each ten cents or fractional part thereof paid for any such admission, * * *."

It is provided that the tax imposed by this section shall be paid by the person paying such admission price and shall be collected and remitted to the South Carolina Tax Commission by the person collecting such admission price.

Section 65-801 of the Code provides as follows:

"(1) The word 'admission' means the right or privilege to enter into or use a place or location;

"(2) The word 'place' means any definite enclosure or location; * * *."

The language of a tax statute must be given its plain ordinary meaning in the absence of an ambiguity therein. *Home Building & Loan Association v. City of Spartanburg,* 185 S. C. 313, 194 S. E. 139. We have also held that if a legislative intent is clearly apparent from the language of the statute there is no occasion for resort to the rule of statutory construction. *Colonial Life & Accident Ins. Co. v. South Carolina Tax Commission,* 233 S. C. 129, 103 S. E. (2d) 908.

According to the terms of Section 65-802 of the Code, the General Assembly provided for the levy, assessment and collection of a license tax upon all paid admissions to all places of amusement. Certainly, there is no ambiguity in the language of this statute which imposes the tax. A bowling alley is a "place of amusement", *Tranfaglia v. Building Commissioner of Winchester,* 306 Mass. 495, 28 N. E. (2d) 537, and the respondent does not contend otherwise.

The appellants admit that no admissions tax was charged or collected here for "the right or privilege to enter into" the building where the bowling alley, a place of amusement, was located. However, the appellants do contend that when the respondent made "use" of the bowling alley, he was then subject to the tax which was imposed. We think this contention is correct.

According to the definition of the word "admission" contained in Section 65-801(1) of the Code, the respondent was subject to such tax when he made "use" of the bowling facilities provided. The word "use" as such is contained in Section 65-801(1), is a verb and as such means to employ for any purpose, to employ for attainment of some purpose or end, to convert to one's service or to put to one's use or benefit. *Esfeld Trucking, Inc. v. Metropolitan Ins. Co.,* 193 Kan. 7, 392 P. (2d) 107. In the case of *Atlantic National Bank v. St. Louis Union Trust Co.,* 357 Mo. 770, 211 S. W. (2d) 2, it was said that the word "use" means to convert to

one's service, avail oneself or put into operation, cause to function, employ for any purpose, consume or expend. Here, we must consider the term "use" with regard to the setting to which it is employed in the statute. It is logical to conclude that the word "use", as such is employed here, means that a tax is imposed upon a person who avails himself of the facilities of a place of amusement, such as a bowling alley. There can be no participation in the sport of bowling without the "use" of a bowling alley.

The respondent relies upon the Kansas case of *Grauer v. Director of Revenue*, 193 Kan. 605, 396 P. (2d) 260, to sustain his position. It was there held that an admissions tax imposed by the General Assembly of that State did not apply to charges made for participation in the activity of bowling. This case is not apposite for the reason that the statute there involved is not couched in language of similar import to ours. The Kansas statute imposed a tax upon the gross receipts from the sale of admissions to any place of amusement, entertainment or recreation. It thus appears that the General Assembly of that State taxed the charge for permission or right to enter a place of amusement but such statute contained no words taxing the "use" of the facilities of a place of amusement, entertainment or recreation.

An ordinance more analogous to our statute was before the Court in the case of *Borough of Hanover v. Criswell*, 205 Pa. Super. 65, 208 A. (2d) 39. The ordinance there imposed an admissions tax and defined admission as a charge "for the privilege of attending or engaging in amusements". It was there held that a charge made for the privilege of engaging in bowling was subject to the tax. The provision in the ordinance in the *Borough of Hanover* case is strikingly similar to the provision of our statute defining admission as the "right or privilege to enter into or use" a place of amusement.

We conclude that under Sections 65-801 and 802 of the Code the admissions tax therein provided for applies to

charges paid for the "use" of a bowling alley. The trial judge was in error in not so holding.

The judgment of the lower court is reversed and this case remanded thereto for entry of judgment in favor of the appellants.

Reversed and remanded.

LEWIS, BUSSEY and BRAILSFORD, JJ., and LIONEL K. LEGGE, Acting J., concur.