0439

MEYERS ARNOLD, INC., Appellant-Respondent, v. SOUTH CAROLINA
TAX COMMISSION, Respondent-Appellant.

(328 S. E. (2d) 920)

Court of Appeals

*N. Heyward Clarkson, III,* of *Rainey, Britton, Gibbes & Clarkson,* Greenville, *for appellant-respondent.*

*Atty. Gen. T. Travis Medlock, Retired Atty. Gen. Daniel R. McLeod, Deputy Atty. Gen. Joe L. Allen, Jr.,* and *Asst. Atty. Gen. Ray N. Stevens,* all of Columbia, *for respondent-appellant.*

Heard Dec. 13, 1984.

Decided April 15, 1985.

SANDERS, Chief Judge:

Meyers Arnold, Inc. sued the South Carolina Tax Commission to recover certain sales taxes paid under protest. Two separate issues are presented. The Honorable Frank P. McGowan, Jr., ruled in favor of Meyers Arnold on one of the issues and against it on the other. Both Meyers Arnold and the Commission appeal. We affirm, adopting with some modification, the order of Judge McGowan.

The first issue is whether a sales tax should be assessed on the proceeds of the sale of gift wrapping. The second is whether a sales tax should be assessed on lay away fees charged. We address these issues separately.

I

GIFT WRAPPING

According to the stipulated facts, it is the policy of Meyers Arnold to gift wrap goods purchased by a customer at no extra charge if a certain quality paper is used. But when the customer chooses a higher quality paper, a charge is made. Section 12-35-510 of the 1976 Code of Laws of South Carolina, imposes a sales tax on the gross proceeds of retail sales of tangible personal property. Section 12-35-30 of the Code defines gross proceeds of sale as

"the value proceeding or accruing from the sale of tangible personal property."

However, Section 12-35-550 of the Code exempts from the tax levied:

> (14) The gross proceeds of the *sale of wrapping paper*, wrapping twine, paper bags and containers *for use incident to the delivery of tangible personal property.* (Emphasis added.)

South Carolina Tax Commission Regulation 117-174.154, *Paper, Wrapping,* provides that:

> The term *"wrapping paper"* as used in Code § 12-35-550(14) of the South Carolina Sales and Use Tax Law, *is construed to mean* paper of the kind and quality that is customarily used by merchants as a wrapping for the property which they sell to the public . . .; and *the kind and quality of paper that is sold to the general public as a wrapping for gift packages, etc.* (Emphasis added.)

Thus, Section 12-35-550(14) of the Code and Regulation 117-174.154 clearly exempt the proceeds of the sale of gift wrapping paper from the sales tax when the paper is used incident to the delivery of tangible personal property.[1]

---

[1] The Commission argues on appeal that gift wrapping paper is not sold "incident" to the delivery of the personal property, citing in support of its argument, *Archambault v. Sprouse,* 218 S. C. 500, 507, 63 S. E. (2d) 459, 462 (1951). We reject this argument. *Archambault* involved the question of whether restrictive covenants had been violated. The court held that construction of a garage apartment which had substantially the same accommodations as the owner's residence, was not "incidental" to the use of the residence and, therefore, violated a covenant which restricted structures on the lot to one detached single family dwelling, a private garage for not more than two cars and storage, and buildings incidental to use of the residence. The Commission calls attention to the court's citation of a *Black's Law Dictionary* definition of the word "incidental." As the Commission correctly points out a portion of this definition says the word means "something necessary . . . or depending upon. . . ." However, the first part of the definition cited by the court alternatively defines "incidental" as "depending upon or appertaining to something else as primary." *Archambault,* 218 S. C. at 507, 63 S. E. (2d) at 462. While the sale of gift wrapping in connection with the sale of goods wrapped in it might not be "necessary" to the delivery of the goods, it would certainly be "appertaining to" it. Moreover, we do not have to look to *Black's Law Dictionary* for a definition here. The Commission's own Regulation 117-174.154 specifically defines "wrapping paper" as being, among other things, "the kind and quality of paper that is sold to the general public as wrapping for gift packages, etc." If gift wrapping paper is not sold incident to delivery then this regulation would appear meaningless.

South Carolina Tax Commission Regulation
■ 117-174.238, *Charges for Gift Wrapping*, provides:

> The gross proceeds proceeding or accruing from charges for gift wrapping of tangible personal property sold at retail sale are subject to the sales and/or use tax.

This regulation mandates that a charge for gift wrapping services is subject to the sales tax.[2]

Thus, the question here presented is whether the money collected by Meyers Arnold is a charge for gift wrapping services and therefore taxable; or whether it is for the sale of wrapping paper, and therefore exempt from sales tax.

In its finding concerning the sales tax liability of Meyers Arnold, the Commission found that the charge which a Meyers Arnold customer pays to have his purchase gift wrapped is "for the sale of the wrapping paper and the ribbon which are items of tangible personal property." This is undisputed. Further, it is clear from the stipulated facts that the charge is for the higher quality paper and not for the wrapping services. A customer can have his purchase gift wrapped at no charge if he chooses the lower quality paper. This refutes any argument that the charge is for the service of wrapping.

Accordingly, the charge for the sale of the higher
■■ quality wrapping paper comes within the exemption
provided by Section 12-35-550(14), and Regulation 117-174.154. The statute and the regulation are unequivocal in their language and leave no room for interpretation. The language of a tax statute must be given its plain and ordi-

---

[2] The Commission argues on appeal that the words "gift wrapping" means the paper itself as well as service of wrapping the goods. In other words, the Commission argues that "gift wrapping" as used in Regulation 117-174.238 is a noun, not necessarily a verb. We reject this argument. If "gift wrapping" is read as a noun (the paper itself, not the act of wrapping), then the Regulation would contradict Section 12-35-550(14) and Regulation 117-174.154 which, as previously discussed, specifically exempt gift wrapping paper from the sales tax. Thus, in our opinion, Judge McGowan correctly read the Regulation as taxing the service of gift wrapping. It is true, as the Commission points out in its brief, that, generally speaking, only sales of tangible personal property, not services, are subject to the sales tax. However, Sections 12-35-30 and 12-35-510 impose the tax on the value proceeding or accruing from the sale of tangible personal property *without any deduction for labor or service cost.* Thus, the tax is imposed on services which are part of the value proceeding or accuring from a sale of tangible personal property.

nary meaning in the absence of an ambiguity therein. *Beach v. Livingston*, 248 S. C. 135, 139, 149 S. E. (2d) 328, 330 (1966). For these reasons, this court holds charges made by Meyers Arnold for gift wrapping are exempt from sales tax.

## II

### LAY AWAY FEES

The second issue is whether fees charged by Meyers Arnold on sales made under its lay away plan are subject to sales tax. According to the stipulated facts, the lay away fee is charged on all lay away sales and is not refundable. The fee does not vary with the amount of the sale nor the time period of the lay away. Meyers Arnold retains the goods purchased until the full price is paid.

The sales tax is imposed under Section 12-35-510 as a tax levied on persons engaged in selling tangible personal property at retail with the tax being a percentage of the gross proceeds of sales of the business.

It is undisputed that Meyers Arnold is in the business of making retail sales of tangible personal property when it sells to a customer under the lay away plan. The question which must be resolved is whether the lay away fee charged is part of the gross proceeds of sales.

Section 12-35-30 defines gross proceeds of sales as "the value proceeding or accruing from the sale of tangible personal property ... without any deduction for service cost." But for the lay away sales, Meyers Arnold would not receive the lay away fees. The fees are obviously charged for the service rendered in making lay away sales. For these reasons, this court holds the lay away fees are part of the gross proceeds of sales and subject to the sales tax.

Meyers Arnold argues that the lay away fees are not subject to the sales tax because the fees are finance charges within the meaning of South Carolina Tax Commission Regulation 117.174.59, *Carrying Charges — Finance Charges.* This regulation in pertinent part provides:

> Where the seller has an established cash price and when selling on an extended payment basis, adds a separate charge for financing, the additional charge is not to be included in gross proceeds of sales.

Thus, Regulation 117-174.59 requires the seller to be "selling on an extended payment basis" *and* to add a separate charge for "financing." These requirements dictate that Meyers Arnold must extend credit to the customer since the regulation contemplates a finance charge. In the instant case, there is no credit advanced to the customer. In fact, the lay away sale is made upon the condition that the customer may not obtain possession until the full purchase price is paid. For this reason the lay away fee is not a finance charge.

Judge McGowan concluded by ordering that Meyers Arnold is entitled to a refund of the sales tax paid under protest on the gift wrapping paper. He further ordered the Commission to refund, in addition to the tax, the interest collected on it and interest at the legal rate from the date the tax was paid.[3] Finally, Judge McGowan ordered that Meyers Arnold is not entitled to a refund of the tax assessed on the lay away fees which it charged.

For the reasons given by Judge McGowan in his order, as modified by this court, his order is

Affirmed.

SHAW and BELL, JJ., concur.

---

[3] The Commission does not dispute the right of Meyers Arnold to interest as ordered by Judge McGowan, assuming, of course, it is entitled to a refund of the taxes paid under protest.