[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, Men's World, Inc.("Men's World"), appeals pursuant to General Statutes § 12-422 from a decision of the defendant, Commissioner of Revenue Services ("commissioner"), determining that the plaintiff is obligated to pay additional Connecticut sales tax for the period May 1, 1993 through April 30, 1996 ("audit period"). The issue in this appeal is whether a $3 damage waiver charge made with respect to rental of formalwear clothing during the audit period is properly excluded from the gross receipts in determining the rental cost of a CT Page 3734 tuxedo for the purposes of General Statutes § 12-412 (47). Section12-412 (47) exempts the sale of clothing for less than $50 from the Connecticut sales and use tax.
Men's World is a Connecticut corporation engaged in the business of renting formalwear clothing such as tuxedos under the trade name "Formal Elegance." Men's World sought to protect itself from losses incurred in the rental of formal clothing resulting from damage to the clothing from cigarette burns, stains and tears by the use of security deposits and damage waivers. Men's World required a security deposit on each clothing rental to cover malicious damage to the clothes or the failure to return the items rented. The security deposit is refunded by Men's World if the clothing is returned undamaged.
Men's World also offered its customers, during the audit period, the option of paying $3 as a form of self insurance to recoup the cost of non-malicious damage to the clothes. The reason that the $3 damage waiver is the issue in this case is because during the audit period, Men's World rented tuxedos at a price of $49.95, which was not subject to the sales tax because of the $50 statutory exemption on the sale or rental of clothing. During the audit period, the commissioner considered the $3 damage waiver cost as part of the rental of the tuxedo, thereby making the rental price for the tuxedo $52.95 and the rental fully taxable. Men's World denies that the $3 damage waiver charge is part of the rental of the tuxedo, but rather argues that it is a charge for insurance to the customer to avoid the risk of paying for unintentional damage to the clothes. By paying the $3 damage waiver, Men's World argues that a customer is not responsible for non-malicious damage such as burns or tears.
All but $145.50 of the $18,366.36 of tax set forth in the March 1, 1997 Billing Notice is attributable to disallowed exempt sales of clothing under $50 which the Department of Revenue Services contends constitute taxable rentals solely due to the inclusion in gross receipts of the separately stated $3 damage waiver charge. (Stipulation of Facts, para 6.)
The rental form used by Men's World (Plaintiff's Exhibit E) contains blank spaces for the listing of styles and sizes of coats, pants, shirts, accessories and shoes. Following the blanks for the styles and sizes is a space for the rental charge. Following the blank for the rental charge is a space for the computation of the sales tax on the total rental charge. Below the blank for the sales tax is a space for the amount of the rental of shoes, followed by a space marked "Misc." and a space marked "Damage Waiver," with "$3.00" preprinted in the damage waiver block. This form recites that the "DAMAGE WAIVER Covers only CT Page 3735 non-malicious damage, burn or tear." The form also has a provision for a security deposit. The Commissioner's auditor noted that the damage waiver applies to the tuxedo rental and not to the shoes that are separately stated on the form and rented for approximately $10 to $12. (See Plaintiff's Exhibit B.) Although the damage waiver provision has a preprinted $3 charge on the form, customers were not required to accept the damage waiver provision. Men's World has a form which recites "If customer declines offer of insurance waiver, please have him sign the release form: I understand by declining to purchase damage waiver I amfully responsible for any damage that may occur while the tuxedo is in my possession. This includes any burns, rips, tears or stains. I will also be responsible for returning said tuxedo with all jewelry and accessories intact. If tuxedo is returned in proper order, please mark release form and return it to the customer." (Plaintiff's Exhibit G). This form contains a space for a signature. A summary of invoices submitted by Men's World shows that twenty-two percent of their customers decline to pay the $3 damage waiver charge. (Plaintiff's Exhibit H.)
Men's World claims that the damage waiver is not included in gross receipts pursuant to the Commissioner's Letter ruling 90-70 issued December 20, 1990, which recites that pursuant to § 12-426-25 (c) of the Regulations of State Agencies, separately stated insurance charges by lessors of tangible personal property may be excluded from gross receipts. According to § 12-426-25 (c) of the Regulations of Connecticut State Agencies, "[g]ross receipts shall not include the cost of gasoline or insurance charges when such amounts are separately stated and the lessee has the option to either accept the lessor's insurance offer or to procure other coverage." The commissioner argues that the $3 damage waiver is not optional and does not constitute insurance, and therefore the damage waiver is subject to the sales tax as part of the gross receipts for the rental of a tuxedo.
The issues in this case are (1) whether the damage waiver is insurance; (2) whether the damage waiver charge is optional, and (3) whether the damage waiver is separate and apart from the sale or rental of the tuxedo. The commissioner does not contest that the rental of shoes is a separate sale or rental apart from the rental of the tuxedo, nor does the commissioner contend that the security deposit taken on every rental is part of the sale or rental of the tuxedo.
Under General Statutes § 12-412 (47), sales of articles of clothing or footwear costing less than $50 are exempt from the sales and use tax. General Statutes § 12-407 (2)(j) defines "sale" to include "the leasing or rental of tangible personal property of any kind whatsoever." Thus, in the rental of tuxedos where the total charges for the rental are less than $50, the rental falls within this exemption and is not subject CT Page 3736 to the Connecticut sales tax.
The issue in this case is resolved by considering whether the damage waiver contained in plaintiff's rental invoices is insurance. If the damage waiver is not insurance, it does not qualify for an exemption from the tax under § 12-426-25 (c) of the Regulations of State Agencies. If the damage waiver is not insurance, the question then is whether the sale was separate and apart from the sale or rental of the tuxedo.
General Statutes § 38a-1 (10) defines insurance as follows: "`Insurance' means any agreement . . . to provide indemnity for loss in respect to a specified subject by specified perils in return for a consideration. In any contract of insurance, an insured shall have an interest which is subject to a risk of loss through destruction or impairment of that interest, which risk is assumed by the insurer and such assumption shall be part of a general release to distribute losses among a large group of persons bearing similar risks in return for a ratable contribution or other consideration."
A fair reading of the rental invoice used by Men's World shows that the customer is responsible for damage to the tuxedo including burns, rips, tears or stains unless the customer pays a consideration of $3 to Men's World for Men's World, as self insurer, to indemnify the customer for the loss. The question that we next face is whether self insurance is insurance.
The example of self insurance, as used by Men's World, is fully explained in Doucette v. Powers, 247 Conn. 442, 348, 724 A.2d 481 (1999) which describes a self insurer as an entity providing goods and services, that chooses to handle the risk of tort claims by setting aside assets or establishing a special fund "from which it will pay such claims, rather than by purchasing insurance." (Emphasis in original, internal quotation marks omitted.) Doucette v. Pomes, supra, 247 Conn. 458. "Although an entity that handles the risk of tort claims in this manner is sometimes referred to as a "self-insurer', this approach involves no insurance as the term is ordinarily used in regulatory statutes or in other legal contexts." (Internal quotation marks omitted.) Id., citing R. Keeton A. Widiss, Insurance Law: A Guide to Fundamental Principles, Legal Doctrines and Commercial Practices (1998) § 1.3(c), pp. 13-14.
"Self insurance is the popular name of what is more accurately known as `risk retention.' Self insurance occurs when an entity, rather than purchasing insurance to cover potential losses, elects to pay off its losses as they arise, or to set aside fixed sums into a reserve account to pay off intermittent losses." State v. Continental Gas Co.,126 Idaho 178, 879 P.2d 1111, 1116 (1994). Self-insurance is not CT Page 3737 insurance; Doucette v. Powers, 247 Conn. 442, 458, 724 A.2d 481 (1999); "[b]ecause `self insurance' does not involve a transfer of the risk of loss, but a retention of that risk." State v. Continental Gas Co., supra, 247 P.2d 1116.
We conclude that the damage waiver provision used by Men's World is not insurance within the context of § 12-426-25 (c) of the Regulations of Connecticut State Agencies, and therefore does not qualify for an exemption from the sales tax.
Since we conclude that the damage waiver provided by Men's World is not insurance, we must next turn to the second issue of whether the $3 damage waiver, even though not exempt from the sales tax, should be included or excluded from the gross receipts from the rental of tuxedos. This requires us to consider whether the damage waiver is part of the rental of the tuxedos or whether the damage waiver was separable from the rental of the tuxedos.
In our analysis of the plaintiff's business of tuxedo rentals, we find that the $3 damage waiver is not mandatory since approximately 22% of the customers did not accept the damage waiver provision. The damage waiver was separately stated in the invoice, the damage waiver was not an article of clothing which would naturally be a part of the tuxedo ensemble, and the commissioner did not consider the rental of shoes separately stated on the invoice to be a part of the gross receipts from the rental of the tuxedos.
The issue here is not whether the income to Men's World from the acceptance of the damage waiver was itself taxable, but only whether the $3 damage waiver should be included in the gross receipts obtained from the tuxedo rentals, so that the tuxedo rentals exceeded the $50 clothing exemption.
In A.D. Store Company, Inc. v. Executive Director, Department ofRevenue, 19 P.2d 680 (Colo. 2001), the Supreme Court of Colorado, en banc, considered a similar issue as in the present case. In A.D. StoreCompany, Inc., the plaintiff operated a specialty retail women's clothing store, which sold only fully manufactured clothing. The plaintiff also offered alteration services on clothing it sold. The plaintiff separately noted the price for alterations on the clothing invoice, and assessed a sales tax only on the price of the clothing, not for the cost of the alteration. The Colorado Department of Revenue took the position that the sales tax should be assessed on the alteration services when they were part of the initial purchase. The Colorado Supreme Court concluded that the alteration services were separable from the sale of the garment and therefore not included as part of the sale of the clothing. The Colorado CT Page 3738 court adopted a test used in Massachusetts that "inquires whether the services and product are separable. If they are separable, then the service is not taxable. If the service and product are inseparable, then the services are taxable as part of the purchase price." Id., 684, citingHoughton Muffin Co. v. State Tax Commission, 373 Mass. 772, 370 N.E.2d 441,442 (1977. The Colorado court also noted that the South Carolina Supreme Court, in Meyers Arnold, Inc. v. South Carolina Tax Commission,285 S.C. 303, 328 S.E.2d 920, 922-23 (1985), concluded that gift wrapping services were not part of the sale because the gift wrapping services were separable from the purchase.
The evidence presented by Men's World shows that the damage waiver charge of $3 was not part of the charge for the rental of the tuxedo. As we have previously found, the damage waiver was not mandatory, but was an optional charge for the customer, the damage waiver was separately stated and the commissioner did not consider shoes separately stated on the plaintiff's invoices to be part of the gross receipts of the tuxedo rentals.
Using the test expressed in A.D. Store Company, Inc., supra, the $3 damage waiver was separable from the rental of the tuxedo. Since the $3 damage waiver was separable, it was not part of the gross receipts for the rental of the tuxedo.
We conclude that the separately stated $3 damage waiver charge by Men's World is not part of the rental price of the tuxedos. We therefore sustain the appeal of Men's World without costs to either party.
Arnold W. Aronson Judge Trial Referee