747 S.E.2d 188

**Sue Taylor Colson WIDENHOUSE, Respondent,**

v.

**Tammy Batson COLSON, Appellant.**

**Appellate Case No. 2011–204246.**

**No. 27294.**

Supreme Court of South Carolina.

Heard May 14, 2013.

Decided Aug. 7, 2013.

David D. Armstrong, of Armstrong Law Firm of Greenville, for Appellant.

Matthew D. Lincoln and Scott Michael Tyler, both of Moore & Van Allen, PLLC, of Charlotte, North Carolina, for Respondent.

Attorney General Alan McCrory Wilson, Deputy Solicitor General J. Emory Smith, Jr., and Solicitor General Robert D. Cook, all of Columbia, for Amicus Curiae, State of South Carolina.

Justice PLEICONES.

This is an appeal from an order according full faith and credit to a North Carolina money judgment notwithstanding that the causes of action upon which the judgment was based have been abolished in South Carolina. We affirm.

Sue Taylor Colson Widenhouse (respondent) sued Tammy Batson Colson (appellant) in North Carolina state court for alienation of affections and criminal conversation. Judgment was entered for respondent in the sum of $266,000 plus interest and costs. Respondent filed notice of foreign judgment with the Greenville County clerk of court. Appellant moved for relief, arguing that respondent's judgment is not entitled to full faith and credit because the causes of action of alienation of affections and criminal conversation are contrary to South Carolina public policy. Respondent moved to enforce the foreign judgment. The circuit court denied appellant's motion and granted respondent's motion. This appeal followed.

## ISSUE

Must South Carolina afford full faith and credit to a North Carolina money judgment on a civil action for alienation of affections and criminal conversation?

## DISCUSSION

■ Appellant contends the circuit court erred when it granted respondent's motion to enforce the foreign judgment and denied appellant's motion for relief because the underlying causes of action violate South Carolina public policy. We disagree.

South Carolina's Uniform Enforcement of Foreign Judgments Act (UEFJA) provides the mechanism for the filing and enforcement or satisfaction of foreign judgments in South Carolina. S.C.Code Ann. §§ 15–35–900 to –960 (2005 and Supp. 2012). The UEFJA generally permits the filing and enforcement of judgments, decrees, and orders of the courts of the United States or of other states[1] to the extent mandated by the United States Constitution. See § 15–35–910(1). However, section 15–35–960 provides that

> The provisions of this article do not apply to foreign judgments based on claims which are contrary to the public policies of this State.

"The primary source of the declaration of the public policy of the state is the General Assembly; the courts assume this prerogative only in the absence of legislative declaration." *Citizens' Bank v. Heyward*, 135 S.C. 190, 133 S.E. 709, 713 (1925). The General Assembly abolished the tort of criminal conversation in 1988. S.C.Code Ann. § 15–3–150 (2005), 1988 Act No. 391, § 1. Shortly thereafter, this Court also determined "that the public policy of this State is consistent with the modern course of the law moving away from 'heart balm' causes of action" and abolished the cause of action for alienation of affections. *Russo v. Sutton*, 310 S.C. 200, 204, 422 S.E.2d 750, 753 (1992). The Court explained that

> [c]auses of action for criminal conversation and alienation of affections present opportunities for blackmail. They are often brought for mercenary or vindictive reasons. The remedies of alienation of affections and criminal conversation foster bitterness, promote vexatious lawsuits, put marriages on the marketplace, and use marriages as a means of character assassination.

*Id.* at 203–204, 422 S.E.2d at 753. Thus, the causes of action of criminal conversation and alienation of affections are contrary to South Carolina public policy, as appellant contends.

---

1. Excluded from the UEFJA are judgments subject to the Uniform Interstate Family Support Act and the Uniform Child Custody Jurisdiction and Enforcement Act, each of which provides special procedures for foreign orders related to its subject matter. See §§ 15–35–910, 63–15–300 et seq., and 63–17–2900 et seq.

The language of § 15–35–960 denying enforcement to "foreign judgments based on claims which are contrary to the public policies of this State" clearly applies to the judgment at issue here, since it is based on claims that have been found contrary to the public policy of this State. However, respondent argues that application of § 15–35–960 to prevent enforcement of respondent's judgment in this case would violate the full faith and credit clause of the United States Constitution. We agree.

The full faith and credit clause provides that

Full Faith and Credit shall be given in each State to the public Acts, Records, and judicial Proceedings of every other State. And the Congress may by general Laws prescribe the Manner in which such Acts, Records and Proceedings shall be proved, and the Effect thereof.

U.S. Const. art. IV, § 1.

Although some exceptions to the full faith and credit clause exist, none is relevant in this case.[2] When a civil action has been reduced to a money judgment, the judgment is entitled to full faith and credit even if the cause of action upon which it is based is contrary to the forum state's public policy.

In *Fauntleroy v. Lum*, 210 U.S. 230, 28 S.Ct. 641, 52 L.Ed. 1039 (1908), a Mississippi court denied full faith and credit to a Missouri judgment entered on a cause of action for enforcement of a contract that was illegal in Mississippi. The United States Supreme Court held that the Missouri judgment was entitled to full faith and credit in Mississippi and could be attacked in Mississippi only on grounds recognized by Missouri. *Id.* at 236, 28 S.Ct. 641 ("[T]he judgment of a state court should have the same credit, validity, and effect in every

---

2. For example, a judgment rendered without subject matter or personal jurisdiction or otherwise lacking due process, or produced through fraud or collusion, is not entitled to full faith and credit. *See Morris v. Jones*, 329 U.S. 545, 550–51, 67 S.Ct. 451, 91 L.Ed. 488 (1947); *Old Wayne Mut. Life Ass'n v. McDonough*, 204 U.S. 8, 15, 27 S.Ct. 236, 51 L.Ed. 345 (1907). Nor is a state required to defer to another state's judgment regarding "the disposition or devolution of realty" in the forum state, *Williams v. State of North Carolina*, 317 U.S. 287, 294 n. 5, 63 S.Ct. 207, 87 L.Ed. 279 (1942), or to apply the law of another state in an action in its own courts, *Magnolia Petroleum Co. v. Hunt*, 320 U.S. 430, 436–37, 64 S.Ct. 208, 88 L.Ed. 149 (1943).

other court in the United States which it had in the state where it was pronounced, and ... whatever pleas would be good to a suit thereon in such state, and none others, could be pleaded in any other court in the United States.") (quoting *Hampton v. McConnel,* 16 U.S. 234, 3 Wheat. 234, 4 L.Ed. 378 (1818)). This rule was reaffirmed in *Milwaukee County v. M.E. White Co.,* where the Court reiterated that the policy of the forum state cannot nullify the command of the full faith and credit clause:

In numerous cases this court has held that credit must be given to the judgment of another state, although the forum would not be required to entertain the suit on which the judgment was founded; that considerations of policy of the forum which would defeat a suit upon the original cause of action are not involved in a suit upon the judgment and are insufficient to defeat it. Full faith and credit is required to be given to the judgment of another state, although the original suit on which it was based arose in the state of the forum and was barred there by the Statute of Limitations when the judgment was rendered and where the original suit was upon a gambling contract invalid by the law of the forum where it was made.

296 U.S. 268, 277, 56 S.Ct. 229, 80 L.Ed. 220 (1935) (citations omitted). Likewise, the Supreme Court has explicitly stated that no public policy exception to the full faith and credit clause exists where a civil dispute has been reduced to a money judgment:

We are aware of no [public policy] exception in the case of a money judgment rendered in a civil suit. Nor are we aware of any considerations of local policy or law which could rightly be deemed to impair the force and effect which the full faith and credit clause ... require[s] to be given to such a judgment outside the state of its rendition.

*Magnolia Petroleum Co. v. Hunt,* 320 U.S. 430, 438, 64 S.Ct. 208, 88 L.Ed. 149 (1943). Other cases are in accord. *See, e.g., Morris v. Jones,* 329 U.S. 545, 551, 67 S.Ct. 451, 91 L.Ed. 488 (1947) ("[A] judgment obtained in a sister State is, with exceptions not relevant here, entitled to full faith and credit in another State, though the underlying claim would not be enforced in the State of the forum." (citation omitted)); *Roche v. McDonald,* 275 U.S. 449, 452, 48 S.Ct. 142, 72 L.Ed. 365

(1928) ("[T]he judgment, if valid where rendered, must be enforced in such other State although repugnant to its own statutes."); *Estin v. Estin,* 334 U.S. 541, 546, 68 S.Ct. 1213, 92 L.Ed. 1561 (1948) (the full faith and credit clause "order[s] submission by one State even to hostile policies reflected in the judgment of another State.... [T]he requirements of full faith and credit, so far as judgments are concerned, are exacting, if not inexorable...."). Thus, we conclude that under the full faith and credit clause a money judgment obtained in another state must be accorded full faith and credit regardless of the underlying cause of action.

Appellant has cited no cases, either state or federal, holding that full faith and credit is not due another state's money judgment on a civil action.

We conclude § 15–35–960 cannot be applied to deny full faith and credit to the North Carolina money judgment at issue here.

## CONCLUSION

Because respondent's civil action was reduced to a money judgment in North Carolina, the judgment is entitled to full faith and credit in South Carolina. Therefore, we

**AFFIRM.**

HEARN, J., concurs. TOAL, C.J., BEATTY, and KITTREDGE, JJ., concurring in result only.