14-4236-bk
In re: Richard H. Friedberg
Giannina Pradella et al. v. Melissa Zelen Neier, Chapter 7 Trustee

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of October, two thousand fifteen.

PRESENT:   ROBERT D. SACK,
                    RAYMOND J. LOHIER, JR.,
                    SUSAN L. CARNEY,
                         *Circuit Judges.*

------------------------------------------------------------------

IN RE: RICHARD H. FRIEDBERG
GIANNINA PRADELLA and MILAN OLICH,

                         *Plaintiffs-Appellants*,

                    v.                                   No. 14-4236-bk

MELISSA ZELEN NEIER, CHAPTER 7 TRUSTEE,

                         *Defendant-Appellee.*

------------------------------------------------------------------

1

FOR PLAINTIFFS-APPELLANTS: Thomas R. Langan and William J. Florence, Jr., Dempsey & Langan, Peekskill, NY

FOR DEFENDANT-APPELLEE: Melissa Zelen Neier, Ivey, Barnum & O'Mara, LLC, Greenwich, CT

Appeal from a judgment of the United States District Court for the District of Connecticut (Alfred V. Covello, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

Plaintiffs-Appellants Giannina Pradella and Milan Olich challenge a judgment of the District Court (Covello, J.) affirming the approval by the Bankruptcy Court (Alan H. W. Shiff, U.S.B.J.) of a settlement of all claims against debtor Richard H. Friedberg's bankruptcy estate. We review the Bankruptcy Court's legal conclusions de novo and its factual findings for clear error. In re N. New England Tel. Operations LLC, 795 F.3d 343, 346 (2d Cir. 2015). We assume the parties' familiarity with the facts and record of the prior proceedings, to which we refer only as necessary to explain our decision to affirm.

On appeal, the plaintiffs first argue that the South Carolina court that issued a deficiency judgment against Monteverde LLC and North-South Development Corporation – two entities wholly owned by the debtor – had

2

exclusive jurisdiction to determine the plaintiffs' right to recover against

Monteverde and North-South under the terms of the secured note and mortgage

between the parties.   This argument, however, is foreclosed by the plaintiffs'

conduct.   When the plaintiffs filed a proof of claim with the Bankruptcy Court in

2009, they "invoke[d] the special rules of bankruptcy concerning objections to the

claim, estimation of the claim for allowance purposes, and the rights of the

claimant to vote on the proposed distribution."   In re S.G. Phillips Constructors,

Inc., 45 F.3d 702, 706 (2d Cir. 1995) (quotation marks omitted).   Because "a

creditor who files such a claim subjects itself to the bankruptcy court's equitable

jurisdiction in proceedings affecting that claim," In re CBI Holding Co., 529 F.3d

432, 466 (2d Cir. 2008), the plaintiffs "subjected [themselves] to all the

consequences that attach to an appearance," In re Porges, 44 F.3d 159, 165 (2d Cir.

1995) (quotation marks omitted), including the eventual extinguishment of their

claims by the Bankruptcy Court.

　　　We also reject the plaintiffs' second argument that the deficiency judgment

issued by the South Carolina court was entitled to full faith and credit in the

Bankruptcy Court.   The Bankruptcy Court determined that exceptions to South

Carolina's application of the issue preclusion doctrine barred the judgment from

3

having preclusive effect in the action before the Bankruptcy Court. This determination was correct for two reasons.

First, the Bankruptcy Court found that the plaintiffs had deceived the South Carolina court by failing to disclose the restriction in the Bankruptcy Court's lift-stay order on their rights to enforce any deficiency judgment. Under South Carolina law, "even if all the elements for collateral estoppel are met, when unfairness or injustice results or public policy requires it, courts may refuse to apply it." Crosby v. Prysmian Commc'ns Cables & Sys. USA, LLC, 397 S.C. 101, 109 n.5 (Ct. App. 2012) (quotation marks omitted); see also Widenhouse v. Colson, 405 S.C. 55, 59 n.2 (2013) (noting that "a judgment . . . produced through fraud or collusion" should not be afforded full faith and credit). The Bankruptcy Court's finding was not clear error. Second, the record supports the conclusion that Appellee Melissa Zelen Neier, the trustee, did not have an incentive to fully and fairly litigate the plaintiffs' entitlement to a deficiency judgment against Monteverde under the terms of the mortgage and note, given the terms of the lift-stay order and the Bankruptcy Court's apparent understanding of the same. See State v. Bacote, 331 S.C. 328, 332 (1998) (noting that issue preclusion may not bar relitigation of an issue if "as a result of the conduct of the adversary or other

4

special circumstances," the party opposing preclusion "did not have an adequate opportunity or incentive to obtain a full and fair adjudication in the initial action" (quotation marks omitted)).

We have considered all of the plaintiffs' remaining arguments and conclude that they are without merit.   For the foregoing reasons, the judgment of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court