SUMMARY ORDER
Plaintiffs-Appellants Giannina Pradella and Milan Olich challenge a judgment of the District Court (Covello, J.) affirming the approval by the Bankruptcy Court (Alan H.W. Shiff, U.S.B.J.) of a settlement of all claims against debtor Richard H. Friedberg’s bankruptcy estate. We review the Bankruptcy Court’s legal conclusions de novo and its factual findings for clear error. In re N. New England Tel. Operations LLC, 795 F.3d 343, 346 (2d Cir.2015). We assume the parties’ familiarity with the facts and record of the prior proceedings, to which we refer only as necessary to explain our decision to affirm.
On appeal, the plaintiffs first argue that the South Carolina court that issued a deficiency judgment against Monteverde LLC and North-South Development Corporation — two entities wholly owned by the debtor — had exclusive jurisdiction to determine the plaintiffs’ right to recover against Monteverde and North-South under the terms of the secured note and mortgage between the parties. This argument, however, is foreclosed by the plaintiffs’ conduct. When the plaintiffs filed a proof of claim with the Bankruptcy Court in 2009, they “invoke[d] the special rules of bankruptcy concerning objections to the claim, estimation of the claim for allowance purposes, and the rights of the claimant to vote on the proposed distribution.” In re S.G. Phillips Constructors, Inc., 45 F.3d 702, 706 (2d Cir.1995) (quotation marks omitted). Because “a creditor who files such a claim subjects itself to the bankruptcy court’s equitable jurisdiction in proceedings affecting that claim,” In re CBI Holding Co., 529 F.3d 432, 466 (2d Cir.2008), the plaintiffs “subjected [themselves] to all the consequences that attach to an appearance,” In re Porges, 44 F.3d *15 159, 165 (2d Cir.1995) (quotation marks omitted), including the eventual extin-guishment of their claims by the Bankruptcy Court.
We also reject the plaintiffs’ second argument that the deficiency judgment issued by the South Carolina court was entitled to full faith and credit in the Bankruptcy Court. The Bankruptcy Court determined that exceptions to South Carolina’s application of the issue preclusion doctrine barred the judgment from having preclusive effect in the action before the Bankruptcy Court. This determination was correct for two reasons.
First, the Bankruptcy Court found that the plaintiffs had deceived the South Carolina court by failing to disclose the restriction in the Bankruptcy Court’s lift-stay order on their rights to enforce any deficiency judgment. Under South Carolina law, “even if all the elements for collateral estoppel are met, when unfairness or injustice results or public policy requires it, courts may refuse to apply it.” Crosby v. Prysmian Commc’ns Cables & Sys. USA, LLC, 397 S.C. 101, 109 n. 5, 723 S.E.2d 813 (Ct.App.2012) (quotation marks omitted); see also Widenhouse v. Colson, 405 S.C. 55, 59, 747 S.E.2d 188 n. 2 (2013) (noting that “a judgment ... produced through fraud or collusion” should not be afforded full faith and credit). The Bankruptcy Court’s finding was not clear error. Second, the record supports the conclusion that Appellee Melissa Zelen Neier, the trustee, did not have an incentive to fully and fairly litigate the plaintiffs’ entitlement to a deficiency judgment against Montev-erde under the terms of the mortgage and note, given the terms of the lift-stay order and the Bankruptcy Court’s apparent understanding of the same. See State v. Bacote, 331 S.C. 328, 332, 503 S.E.2d 161 (1998) (noting that issue preclusion may not bar relitigation of an issue if “as a result of the conduct of the adversary or other special circumstances,” the party opposing preclusion “did not have an adequate opportunity or incentive to obtain a full and fair adjudication in the initial action” (quotation marks omitted)).
We have considered all of the plaintiffs’ remaining arguments and conclude that they are without merit. For the foregoing reasons, the judgment of the District Court is AFFIRMED.